## BANCO MINERO v. ROSS AND MASTERSON.

### No. 2328. Decided January 20, 1915.

**1.—Appearance—Plea to Jurisdiction.**

Filing a plea to the jurisdiction of the court by a foreign corporation, sued in the courts of Texas with garnishment of its property here, was an appearance in the cause, and gave the court jurisdiction over the person of defendant. York v. State, 73 Texas, 651, followed. (Pp. 533, 534.)

**2.—Jurisdiction—Transitory Action.**

An action against a foreign corporation, a bank in Mexico, for conversion there of funds deposited with it by plaintiffs, was transitory in its nature; and a court of Texas obtaining jurisdiction over the person of such defendant had jurisdiction also over the subject matter of such action, though it involved inquiry into a transaction between the parties respecting a sale of Mexican land, to determine whether the deposit was wrongfully appropriated. (P. 534.)

**3.—Judgment—Parties—Jurisdiction.**

A judgment for vendor against vendee requiring performance by them of their contract to purchase land does not operate as an order to a bank, not a party to the suit, to pay to the vendor money deposited with it by the vendees for such purchase, nor protect it in making payment thereof to the vendor. (Pp. 534-536.)

**4.—Same—Deposit in Hands of Third Party.**

An attempt by a court to dispose of a foreigner's personal property, not

within its custody, but in the hands of a third person not amenable to the decree because not a party to the proceeding, involves the exercise of usurped jurisdiction, is wholly futile and contrary to the usages of law of civilized nations. Jurisdiction is the main essential of every judgment, and a judgment of a foreign court which it was without power to render has no currency anywhere. (Pp. 534, 535.)

**5.—Foreign Judgment—Validity—Foreign Law—Expert Evidence.**

In determining the validity of a foreign judgment, the foreign law, as affecting it, is to be proved as a question of fact, and the court, having in evidence before it the provisions of the code of such country governing the question, is not bound by the opinion of an expert in such foreign law as to their construction and effect. Its finding, adverse to such expert opinion, is one of fact, binding on the appellate court where it does not appear to be inconsistent with a proper construction of such code. (Pp. 535, 536.)

**6.—Same—Case Stated.**

A court of Mexico rendered judgment in favor of one of its citizens against citizens of Texas, decreeing specific performance by them of a contract to purchase from plaintiff certain Mexican lands. Thereafter it addressed an order to a Mexican bank to pay over to plaintiff $40,000 deposited with it by defendants to be paid to plaintiff on the sale being concluded, which order it obeyed. The bank was not a party to the suit, nor was the deposit brought within the jurisdiction of the court unless such order was sufficient for that purpose. The defendants, claiming that plaintiff had shown them and contracted to sell land to which he had no title, sued the foreign bank, in a Texas court, for conversion of this deposit, obtaining jurisdiction by garnishment of its funds and its personal appearance in the action. Findings of fact by the trial court, construing the provisions of Mexican law governing the subject and holding the order of the Mexican court to the bank insufficient to bring the fund so deposited within its jurisdiction or to protect the bank· in making such payment, are sustained, though a witness, expert in Mexican law, had testified to the contrary. (Pp. 534-536.)

**7.—Personal Judgment—Jurisdiction.**

A judgment against a vendee requiring of him specific performance of a contract to purchase and pay for land is personal, and is void if rendered merely on service by publication against a foreigner, and this is true though the land which was the subject of the contract had its situs within the territorial jurisdiction of the court. (P. 536.)

**8.—Foreign Judgment—Comity.**

To entitle the judgment of a foreign country to standing, there should be a competent court; jurisdiction of the parties and the cause; an opportunity for a full and fair trial; regular proceedings according to the course of a system of civilized jurisprudence, likely to secure an impartial administration of justice, without apparent prejudice against a foreigner in the courts or the system of laws, or fraud in the procurement of the judgment. See judgment of a Mexican court against a citizen of Texas making appearance therein, held not entitled to recognition as valid under principles of comity. (Pp. 536, 537.)

Error to the Court of Civil Appeals, Eighth District, in an appeal from El Paso County.

Ross and Masterson sued the Banco Minero, a Mexican corporation, and had judgment. Defendant appealed, and obtained writ of error on its affirmance.

*T. A. Falvey, Waters Davis,* and *J. M. Goggin,* for plaintiff in error.— The court below, in which this cause was tried, was without jurisdiction

to hear and determine the same when the issue to be determined was in effect the title to land located in a foreign country and to money situated in said foreign country, placed there by a contract to be performed in such foreign country, the action being in effect local in said foreign country and not a transitory action. The issues involved in this case can not be tried without passing on and determining the title to said land and said money, which could not be effected by an adjudication of said court below. Under the laws of the Republic of Mexico the writ of process shown to have been issued under the judgment rendered in Chihuahua, had the effect of impounding and was an impounding of said fund. Judgment will be given same effect here as given in Mexico. Wellborn v. Carr, 1 Texas, 463; Porcheler v. Bronson, 50 Texas, 561; Arndt v. Griggs, 134 U. S., 316; 23 Cyc., 1609-1610.

The only evidence introduced as to the binding force and effect of the said judgment and the said process issued for its enforcement under the laws of Chihuahua was the testimony of Judge Rafael Castillo Calderon and his evidence as to the force and effect of the foreign laws, judgment and process issued thereunder being uncontradicted was conclusive and binding on the trial court and the finding by the Court of Civil Appeals to the contrary was against the evidence and without any evidence to support the finding. Badische A. & S. Fabrik v. Klipstein & Co., 125 Fed., 543; In re International Mahogany Co., 147 Fed., 147; The Asiatic Prince, 108 Fed., 287; Mexican Natl. Ry. Co. v. Slater, 115 Fed., 593; Mexican Cent. Ry. Co. v. Chantry, 136 Fed., 316.

The judgment rendered by the courts of Chihuahua and plead and proven herein, under the laws of Chihuahua, was not a judgment by default. A judgment by default in a foreign jurisdiction, where the title or right to property located within such jurisdiction is involved, will be respected by the courts of this State, and respected by the courts of Mexico. Badische A. & S. Fabrik v. Klipstein & Co., 125 Fed., 543; In re International Mahogany Co., 147 Fed., 147; The Asiatic Prince, 108 Fed., 287; Mexican Natl. Ry. Co. v. Slater, 115 Fed., 593; Mexican Cent. Ry. Co. v. Chantry, 136 Fed., 316; Wellborn v. Carr, 1 Texas, 334; Green v. Van Buskirk, 74 U. S., 139; Arndt v. Griggs, 134 U. S., 316.

This cause of action arising under a contract in reference to land and a distinct fund deposited and situated in the State of Chihuahua, the deposit being made in pursuance of a contract for the sale of the land and as a part of the purchase price, and the contract being one to be performed wholly within that State and in accordance with its laws, the action was local and triable only in the State of Chihuahua, and it required a decree of the courts of Chihuahua to enforce or disaffirm said contract and to effectually determine the title to the deposit as well as the title to the land. Todd v. Lancaster, 47 S. W., 336, 104 Ky., 427; Wicks v. Caruthers, 81 Tenn. (13 Lea, 353); Telegraph Co. v. Railway, 67 Tenn., 49; Solenberger v. Herr, 27 S. E., 839.

The finding of the court that J. O. Ross had never been served with process—and that the judgment was, therefore, void, is predicated on a finding against the evidence. The evidence and judgment shows that

said J. O. Ross was duly cited by publication, according to the law of Chihuahua. Judgment rendered on citation by publication was valid in the State of Chihuahua, Mexico. Said Ross being in the State of Chihuahua during the time said citation was being published, knowing that fact, such publication constituted personal service on him, according to the law of that State. Goodman v. Niblack, 102 U. S., 556; Ritchie v. McMullen, 159 U. S., 235; 23 Cyc., 1608, and cases there cited in notes 28, 29, and 30.

Under an action against several defendants, some of whom are served only constructively with process, a judgment rendered jointly against all is enforcible in another State against the defendants served. If the judgment rendered is valid in the country of its rendition, in so far as it concerns the defendants served, it must be accorded an equal measure of validity in all other States or countries. The plaintiff, J. O. Ross, having parted with his interest in the $40,000 fund by check to Masterson prior to the institution of the suit in the State of Chihuahua, Republic of Mexico, Ross was not a necessary party to that suit and want of personal service upon him would not affect the validity of the judgment rendered therein. Saffold v. Navarro, 15 Texas, 76; Chandler v. Tanner, 20 Texas, 1; Renaud v. Abbott, 116 U. S., 277; Bailey v. McGinniss, 57 Mo., 362; St. John v. Holmes, 20 Wend., 609, 32 Am. Dec., 603, and note; Minor on Conflict of Laws, secs. 206-207.

The judgment plead being legal and binding in Mexico and the Banco Minero having been compelled to obey the process issued thereunder, the judgment and process constitute a protection to the Banco Minero here, the Banco Minero having had nothing to do with its procurement, nor being in any way responsible for its "unconscionableness or oppressiveness," no matter whether or not the same might be held here void as "unconscionable and oppressive" as between Ross & Masterson and Terrazas. Railway Co. v. Yohe, 51 Ind., 184; Jewett v. Olson, 23 Pac., 262, 18 Ore., 419; Stiles v. Davis, 1 Black (66 U. S.), 101: Minor on Conflict of Laws, secs. 206-207; Renaud v. Abbott, 116 U. S., 277; Arndt v. Griggs, 134 U. S., 316, 33 L. Ed., 920-921; Hilton v. Guyot, 159 U. S., 113. Judgment constitutes a perfect defense in bar. Green v. Van Buskirk, 74 U. S., 139; Story on Conflict of Laws (Red. Ed.), secs. 550-598-599; 2 Black on Judgments, sec. 826.

It appearing from the undisputed evidence that the judgment rendered against Ross & Masterson in the District Court of the District of Iturbide, Chihuahua, Mexico, was a judgment affecting the title to land and the right to a fund situated within the jurisdiction of the court, under a contract to be wholly performed and performable only within the jurisdiction of that court, and it appearing that both parties had been cited by publication in accordance with law, the judgment rendered is a valid and binding one everywhere as to both the land and the fund. The undisputed evidence shows that the Mexican courts would give full force and effect to such judgment if rendered by the courts of a foreign country against a citizen of the Republic of Mexico under the same facts and circumstances. Wellborn v. Carr, 1 Texas,

334; Hardy v. Beaty, 84 Texas, 564; Todd v. Lancaster, 47 S. W., 336; Lewis v. United States, 92 U. S., 618; Thelusson v. Smith, 2 Wheat., 425.

The court erred in rendering judgment for the plaintiffs against the Banco Minero because the defendant, Banco Minero, having been compelled to pay said sum of money so deposited to Alberto Terrazas, under superior authority, as shown by the undisputed evidence, can not be compelled to pay the same again to these plaintiffs, for the following reasons, towit: First. Because the law of the State of Chihuahua and Republic of Mexico will control as to the rights of the parties to this suit. Second. Because the law of Mexico, without dispute, being that the Banco Minero, as bailee and under the conditions that it became bailee in this case of the $40,000, was legally bound under the laws of the State of Chihuahua to hold as such bailee said fund until Terrazas and Ross & Masterson, by joint agreement, authorized its payment to some particular party or until the respective rights of the parties as to the ownership of the same was adjudicated by the courts of the country in which the same was situated. Third. Because the judgment of the court in Chihuahua, by the service and the mode of procedure by which the same was recovered, is a final judgment of the matters therein adjudicated. Fourth. Because the judgment in the State of Chihuahua is conclusive as to the ownership of the said $40,000 in said State between Terrazas et al. and Ross & Masterson. Fifth. Because the Banco Minero is conclusively bound by said judgment as to which of said parties owned said $40,000 and was bound, as between them, to pay over said money to Terrazas in accordance with said judgment. Sixth. Because the Banco Minero in obedience to said judgment has paid to Terrazas said $40,000 in obedience to said judgment as required in said contract. Seventh. Because said judgment is final and binding within the State of Chihuahua, whether enforcible in any foreign country or not. Eighth. Because the defendant and the said fund being within the territorial jurisdiction of said court is subject to said decree so rendered and the matters therein adjudicated are not to be further adjudicated as to the ownership of said fund between the said parties or anyone else. Ninth. Because the laws of Chihuahua and the Republic of Mexico will control as to the rights of the plaintiffs and the defendants in this case. Tenth. Because the judgment pleaded here is not sought to be enforced by defendant, but is simply to show what the rights of the plaintiffs and defendant were in Chihuahua. Eleventh. Because the judgment as between the parties to this suit on the issues herein joined is a final and binding judgment on said parties, plaintiff and defendant and the subject matter involved in this suit, inclusive of the title and right to said fund of $40,000, with the service and proceedings had in its rendition in the State of Chihuahua according to the laws of said State, and the defendant having been compelled to pay the said $40,000 to Alberto Terrazas according to said judgment under the law, binding and conclusive upon it in the State of Chihuahua, can not be required to pay the same again to the plaintiffs in this case within a foreign

jurisdiction to the country where said judgment was rendered and said fund paid over by virtue of said judgment. Twelfth. If in the State of Chihuahua, the country where the property was located, a court having competent jurisdiction to determine the title to the property under the laws of that State determined that question in accordance with the laws of that State and decreed the right and title to the fund to be in Alberto Terrazas, then there can have been no conversion of such property by the Banco Minero as against Ross & Masterson. The judgment of the forum rei situs is absolutely conclusive as to deposit as well as realty. Wellborn v. Carr, 1 Texas, 334; Porcheler v. Bronson, 50 Texas, 561; Hardy v. Beaty, 84 Texas, 566; Smith & Co. v. Tabor, 16 Texas Civ. App., 154; Milburn v. Smith, 11 Texas Civ. App., 678; Jones Lumber Co. v. Rhoades, 17 Texas Civ. App., 665; Green v. Van Buskirk, 74 U. S., 152, 19 L. Ed., 112-113; Arndt v. Griggs, 134 U. S., 329, 33 L. Ed., 920-921; Hilton v. Guyot, 159 U. S., 113, 40 L. Ed., 109; Story on Conflict of Laws (Red. Ed.), secs. 411-550. A judgment under which a person had been compelled to pay money can not be impeached in another country so as to compel him to pay it again. Hilton v. Guyot, 159 U. S., 113, 40 L. Ed., 110. Bailee protected when compelled to deliver possession. Roberts v. Yarboro, 41 Texas, 453; Stiles v. Davis, 66 U. S., 101, 17 L. Ed., 34; Ball v. Liney, 48 N. Y., 6, 8 Am. Rep., 511; Bliven v. Hudson River Co., 36 N. Y., 403; King v. Richards, 6 Whart. (Pa.), 418, 37 Am. Dec., 420. Procedure regulated entirely by lex fori. Minor on Conflict of Laws, secs. 205, 206, 207, 212. Payment of money under a judgment quasi in rem a good defense. Hilton v. Guyot, 159 U. S., 113, 40 L. Ed., 110-113-114; Green v. Van Buskirk, 74 U. S., 112; Story on Conflict of Laws, sec. 598. Judgment not examinable for mistake of law or fact. Minor on Conflict of Laws, secs. 205-206; 23 Cyc., 1604. The form of the proceeding taken against the property immaterial. Arndt v. Griggs, 134 U. S., 329, 33 L. Ed., 921.

The payment by the Banco Minero under the order issued by the court rendering said Mexican judgment is not a conversion by said defendant bank. The $40,000 being within the jurisdiction of the court rendering said judgment and the title to the same being an issue in said cause and said judgment being rendered according to the law of said State, said court had jurisdiction to render said judgment. The payment by said bank, a citizen of the State of Chihuahua and subject to the processes of the courts of said State, to Terrazas of said $40,000 by virtue of the order issued under said judgment is valid and binding as to J. O. Ross and H. Masterson, parties to said cause, and is a bar to this suit. Roberts v. Yarboro, 41 Texas, 453; Smith & Co. v. Tabor, 16 Texas Civ. App., 154; Hearn v. Foster, 21 Texas, 403; Stiles v. Davis, 66 U. S., 33; McAlister v. Chicago, R. I. & P. Ry. Co., 74 Mo., 351; 5 Cyc., 200, note 14, 215, par. C. and note 36; Hilton v. Guyot, 159 U. S., 113, 40 L. Ed., 109, 110, 113; Story on Conflict of Laws, secs. 550 and 558.

The adjudication as to the title to the land and title to the money,

being embraced in the same contract, are indivisible, and both being within the Republic of Mexico, it is a local and not a transitory action. The adjudication by a court in the United States as to the title and right to the possession of the land and the $40,000 on deposit, both being within the jurisdiction of the court in the Republic of Mexico, a judgment by the said court in the United States could not be enforced. A suit with reference to the title and possession of either real or personal property must be determined by the court in which the property is situated. Hardy v. Beaty, 84 Texas, 566; Todd v. Lancaster, 47 S. W., 336, 104 Ky., 427. Court had jurisdiction over both land and deposit. Wellborn v. Carr, 1 Texas, 334; Green v. Van Buskirk, 74 U. S., 152, 19 L. Ed., 112; Arndt v. Griggs, 134 U. S., 329, 33 L. Ed., 920-921; Story on Conflict of Laws (Red. Ed.), sec. 550; Story on Conflict of Laws, sec. 441.

*R. H. Ward, Beall & Kemp, Baker, Botts, Parker & Garwood, H. Masterson, and C. R. Wharton,* for defendants in error.—The following cases support the court's ruling that the filing of the plea of privilege was an appearance: Pace v. Potter, 85 Texas, 476; Bowman v. Flint, 37 Texas Civ. App., 28; Piano Co. v. Griffin, 41 Texas Civ. App., 76; Southern Pacific Co. v. Blake, 128 S. W., 669; Land Co. v. Cumley, 132 S. W., 889. The following cases hold that the garnishment proceedings gave jurisdiction: Railway Co. v. Sturm, 174 U. S., 710; Harris v. Balk, 198 U. S., 215; Berry Bros. v. Davis & Co., 77 Texas, 191.

The following decisions, selected from many jurisdictions, support our contention that this is a personal action which may be asserted anywhere that the defendant might be found: Texas & P. Ry. Co. v. Gay, 86 Texas, 588-589; Jones v. Hunt, 74 Texas, 657; Railway Co. v. Graham, 12 Texas Civ. App., 568; Stone v. United States, 167 U. S., 182; Peyton v. Desmond, 129 Fed., 4; McLeod v. Railway Co., 6 Atl., 648; Barney v. Burnstenbinder, 64 Barb., 212; Ackerson v. Railway Co., 31 N. J., L., 309-312; Lister v. Wright, 2 Hill (N. Y.), 320; Lineow v. Ellis, 6 Mass., 331; Railway Co. v. Swearingen, 33 Ill., 289; Smith v. Bull, 17 Wend., 323; Educational Soci. v. Varney, 54 N. H., 376; Worster v. W. Lake Co., 25 N. H., 525; Randal v. Delaware, 21 Fed. Cas., 611; Greeley v. Stilson, 27 Mich., 153; Southern Fla. Ry. Co. v. Weese, 13 So., 436; Livingston v. Jefferson, 15 Fed. Cas., 660, 1 Brock., 203; Condon v. Leipsiger, 55 Pac., 82; McGonigle v. Atchison, 7 Pac., 550; Mason v. Warner, 31 Mo., 508.

Not only in this State, but throughout the American States, suits which have for their object specific performance of contract to sell land, are transitory personal actions, and not actions in rem. Hearst v. Kuykendall, 16 Texas, 329; Miller v. Rusk, 17 Texas, 170; Cavin v. Hill, 83 Texas, 75; Hollingsworth v. Barbour, 4 Pet., 476; Montgomery v. United States, 36 Fed., 4; Penn v. Hayward, 14 Ohio St., 302; Epperly v. Ferguson, 118 Iowa, 47; Brown v. Desmond, 100 Mass., 267.

When the defendant is liable for wrong done either in consequence of a contract or as trustee, the wrong may be redressed wherever defend-

ant may be found, and the circumstance that a question of title may be involved in the inquiry, or may even constitute the essential point upon which the case depends, does not arrest the jurisdiction, even though land not within the jurisdiction may be affected by the decree. Penn v. Lord Baltimore, 1 Ves. Sr., 444; Massie v. Watts, 6 Cranch, 148; Lindsey v. O'Reilly, 15 Atl., 379, 50 N. J. L., 636; Smith v. Davis, 90 Cal., 25; Johnson v. Gibson, 116 Ill., 302.

It is elementary that conversion by one of another's personal property, is a trespass for which action will lie anywhere jurisdiction of the wrongdoer may be obtained, such action always being transitory. Wharton on Conflict of Laws, 3rd Ed., 478a; Minor's Conflict of Laws, sec. 192; Lorenzen, Conflict of Laws, 497; Stone v. United States, 167 U. S., 182.

We maintain that this decree should be given no force and effect in our courts. Because, even if it were a judgment of one of the courts of the United States and sought to be enforced in this jurisdiction, the courts of Texas would be compelled to treat it as a nullity. For many stronger and apparent reasons our courts should not give effect to the judgments of a foreign nation, had without personal service, and for still yet greater reasons they should not give such effect to the judgments of Mexico. Pennoyer v. Neff, 95 U. S., 714; Scott v. McNeal, 154 U. S., 48; Hollingsworth v. Barbour, 4 Peters, 476; Bischoff v. Wethered, 9 Wal., 812; Windsor v. McVeigh, 3 Otto, 274; Bradstreet v. Neptune Ins. Co., 3 Sumner, 603.

This judgment should not be enforced or given any faith or credit by our courts because it was fraudulent; and this is a complete answer to the effect sought to be given it, regardless of the question of comity and regardless of the question of service upon either Ross or Masterson. Hilton v. Guyot, 159 U. S., 207.

For a much stronger reason would this be true if the fraud practiced was that of the court itself, or if it connived at, or permitted a fraud to be practiced in the way disclosed by the record made in this judgment of the Mexican court. Sir William Kennedy, at page 192, Report of the Universal Congress of Lawyers and Jurists at St. Louis, 1904, summing up the elements essential to the enforcement of foreign judgment.

Texas authorities on the questions of foreign judgments: Phillips v. Lyons, 1 Texas, 394; Wellborn v. Carr, 1 Texas, 463; Tompkins v. Bennet, 3 Texas, 47.

The Court of Civil Appeals found that the Banco Minero voluntarily surrendered the money belonging to Ross & Masterson, and this finding is abundantly established by the testimony.

The American decisions are uniform, that even where a bailee in good faith surrenders the bailment to a third person, under regular process, based upon a valid decree, the bailee must at once give actual notice of this fact to the bailor, if he would escape liability; and if he does not give this notice, he is not protected against the demands of the bailor. Such is the holding in Railway Co. v. Yohe, 51 Ind., 184, and Jewett v.

Olson, 23 Pac., 262, both of which cases are cited in the appellant's petition for writ of error. The doctrine announced by the American courts upon this exact question is fairly summarized in Welles v. Thornton, 45 Barb., 393, 396. Every bailee is bound, at his peril, to know that the person to whom he delivers a chattel is the proper person to receive it, and if he delivers it to the wrong person, though acting in good faith, he is guilty of conversion. 3 Am. & Eng. Ency. of Law, 754-755; Freeman v. Perry, 25 Texas, 611. In addition to the cases cited in Welles v. Thornton, supra, see: Roberts v. Stuyvesant S. & D. Co., 123 N. Y., 65; 3 Am. & Eng. Ency. of Law, 754-755, and notes; 5 Cyc., pp. 199-200, note 14; Freeman v. Perry, 25 Texas, 611.

The evidence of a lawyer of another State as to the construction of a statute of that State is not admissible where the language of the statute is plain, and there is no decision by the courts of that State upon the point in controversy. Bank v. Boardman, 47 Hun, 135; Hennessey v. Farrelly, 13 Daly (N. Y.), 468. It has been held in this State that the statutory or written law of another State must be shown by the production of the statute itself. Railway Co. v. Conrad, 99 S. W., 209; Bryant v. Kelton, 1 Texas, 434; Beal v. Smith, 14 Texas, 305. It has further been held that the written law of another State can not be shown by parol evidence. Martin v. Payne, 11 Texas, 292. In fact, our statutes, article 3692, provide for the proof of the statutes of a foreign government purporting to have been printed under the authority of such government.

A bailor is not required to pursue the property into the hands of a third person, or to institute suit to establish his right to the thing bailed. The bailor has a right to treat the failure or refusal of the bailee to redeliver the property as a conversion of it, and sue for its value. Nelson v. King, 25 Texas, 656; Roberts v. Yarboro, 41 Texas, 453; Smith v. T. & N. O. Ry. Co., 101 Texas, 410; Freeman v. Perry, 25 Texas, 611.

The bailor has no title to the thing bailed, and when the same is demanded by the true owner the bailee must deliver it to him, but when the bailee delivers to a third person he does so at his peril, and the burden is upon him to show the superior title of the latter, to which he yielded. 3 Am. & Eng. Ency. of Law, pp. 755-756; Freeman v. Perry, 25 Texas, 611.

Bailee liable to true owner, and where there are several claimants, can file a bill requiring them to interplead. 3 Am. & Eng. Ency. of Law, p. 762; 5 Cyc., 199, 203.

As to the issue of the abandonment of the contract by Terrazas, when he agreed he did not own the land contracted for, it is competent to prove such acts, omissions and declarations tending to show such abandonment, and, in connection therewith, the facts and circumstances which tend to show a reason or motive for such abandonment. 3 Ency. Ev., p. 529; Smith v. Glover, 50 Minn., 58; Hood v. Olin, 68 Mich., 165; Wallace v. Randall, 81 N. Y., 164; Kilgore v. Educational Assn., 90 Texas, 142-143.

It is the duty of a bailee to ascertain that the process by which the

bailment in his possession is taken is valid and due process, and if not, to resist the seizure; to take the necessary legal steps to prevent the seizure, and to promptly notify the bailor of the seizure; failing in this, the bailee has not exercised due care, and is liable for the property seized. 5 Cyc., pp. 199-200, and note 14; Roberts v. S. S. D. Co., 123 N. Y., 65; O. & M. Ry. Co. v. Yohe, 19 Am. Rep., 731.

Foreign judgments subject to be impeached for fraud or want of jurisdiction over either the subject matter or the parties. York v. State, 73 Texas, 654; F. Folk Brg. Co. v. Hirsch, 78 Texas, 194; T. & P. Ry. Co. v. Gay, 86 Texas, 588-589; Hilton v. Guyot, 159 U. S., 113; Pennoyer v. Neff, 95 U. S., 714; Nashua Savings Bank v. Mortgage Co., 108 Fed., 771; Woolsey on International Law, sec. 75, pp. 108-109; Phillips v. Lyons, 1 Texas, 393.

This was a suit upon a foreign judgment, and it was held that, in the absence of legislative enactment, foreign judgments are only prima facie evidence, and will admit of almost every defense that could have been set up to the original action, and this rule of decision is in accordance with the generality of American authorities.

A suit for the specific performance of a contract to convey land is not a proceeding in rem. Hollingsworth v. Barbour, 4 Peters, 476; Miller v. Rusk, 17 Texas, 170; Cavin v. Hill, 83 Texas, 75; Hearst v. Kuykendall, 16 Texas, 329; Hart v. Sansom, 110 U. S., 151.

Judgment in rem not binding in absence of notice to defendants, unless the thing is actually seized, and thereby brought into the custody of the court. Hamilton v. Brown, 161 U. S., 275; Scott v. McNeal, 154 U. S., 48; Hollingsworth v. Barbour, 4 Peters, 476; Bischoff v. Wethered, 9 Wall., 812.

Where a judgment, at the time of its rendition, is void for want of jurisdiction over the parties, it can not, subsequent to its rendition, be rendered valid by levying an execution upon property, or attaching property, but the validity of the judgment must be determined by the jurisdiction of the court at the time the judgment was rendered. Pennoyer v. Neff, 95 U. S., 714.

Where the contents of a writing come collaterally in question, such writing need not be produced, but its contents may be established by parol evidence. 2 Ency. Ev., p. 285; Shely v. State, 35 Texas Crim., 190; Long v. State, 10 Texas App., 186; Oaks v. West, 64 S. W., 1033.

It is the province and duty of the court to construe a foreign judgment, and to determine and declare its legal effect. 23 Cyc., p. 1611; Christian, etc., Co. v. Coleman, 125 Ala., 158.

In order that a foreign judgment in rem may be binding and conclusive, it is necessary that it shall have been rendered by a duly organized and lawfully constituted court, having jurisdiction of the case and of the res, and proceeding in a regular manner upon personal or published notice to the parties in interest, and an opportunity given them to appear and defend their rights. 23 Cyc., 1604, and notes therein cited; Windsor v. McVeigh, 3 Otto, 274; Bradstreet v. Ins. Co., 3 Sumn., 594.

Where judgment is obtained against joint defendants, some served and others not, the judgment is wholly void. 13 Am. & Eng. Ency. of Law, pp. 1012-1013, and notes therein cited.

MR. JUSTICE PHILLIPS delivered the opinion of the court.

The source of this suit was a contract entered into on May 8, 1907, between A. H. Kraft, John Fulkerson and Don Alberto Terrazas, on the one hand. and J. O. Ross and H. Masterson, citizens of this State, the defendants in error, on the other, for the sale to the latter by Terrazas, a citizen of the Republic of Mexico, of a large body of Mexican land, comprising about 125,000 acres and known as the Carillo grant, at the price of $1 gold, per acre, $10,000, gold, to be paid Terrazas by May 12th, and $40,000, gold, to be deposited by Ross and Masterson to their own credit in the Banco Minero, a bank in Chihuahua, Mexico, by May 30th, to be paid over by it, on their order, to Terrazas upon the completion of a survey, the approval of the title and the tender of a proper deed, notes to be given for the balance of the purchase price. In the negotiation preceding the execution of the contract the land had been represented to Ross and Masterson as capable of yielding an average cut of 4500 feet of timber to the acre, and as being well watered and good grazing land, and suitable for pasturage purposes. They had caused to be inspected a tract pointed out by Terrazas' representatives as the Carillo grant; and, having determined to make the purchase, entered into the contract as stated, under an express guaranty therein provided, that the land contracted for was the identical land of which their inspection had been made. The $10,000 payment was duly made to Terrazas, as stipulated, as was the $40,000 deposit in the Banco Minero, the bank executing its receipt to Ross and Masterson, expressing that the deposit was held "subject to payment Alberto Terrazas when transfer land is made."

Thereafter, about the time the survey was completed, Ross and Masterson were advised by an anonymous letter that Terrazas and his associates in the contract were not selling them the land pointed out to and inspected by their representatives, that is, that the land inspected was not in the Carillo grant. This, upon further investigation, was ascertained to be true. Subsequently, they met Terrazas at Chihuahua and announced their readiness to close the purchase if he could deliver the land they had agreed to buy. Terrazas then admitted that he could not deliver the land that had been inspected, as he did not own it, and there was nothing to do but cancel the matter and return the $50,000, no part of which, however, has been returned.

Following a demand on January 25, 1908, for the repayment of the $40,000 deposited with it under the contract, which was refused, Ross and Masterson, on October 27, 1908, instituted this suit against the Banco Minero in the District Court of El Paso County for the conversion of the deposit, suing out a garnishment at the same time against the Guaranty Trust & Banking Company, domiciled in that county, which, under answer, admitted an indebtedness to the defendant of

$6157.40 and that the latter was the owner of 1057 shares of its capital stock of the value of $150,700.

Before passing to the proceedings and judgment of the trial court, it is appropriate to state here, since it develops the principal question in the case, that on August 14, 1908, Terrazas, for himself and Lauro Carillo, Kraft and Fulkerson, instituted a suit against Ross and Masterson in the Second Civil Court of Iturbide District, in the City and State of Chihuahua, to enforce the specific performance of the contract referred to. The Banco Minero was not a party to the suit or the judgment rendered, did not appear, and was served with no character of process prior to the judgment; nor was the $40,000 on deposit with it to the credit of Ross and Masterson in anywise impounded or subjected to the custody of the court prior to the judgment. As to Ross the only mode of service was by publication. He did not appear, and a default judgment was taken against him. Masterson appeared by attorney and attempted to defend against the action. Judgment was rendered against both Ross and Masterson, decreeing that they should specifically perform the contract. Subsequently the judge issued an order to the Banco Minero, as follows:

"I address you the present note, in order that you be pleased to comply with my ruling of the 22nd of this month in the execution of the judgment to turn over to Licenciate Jose A. Yanez, attorney for Mr. Terrazas, the aforesaid $40,000 American gold, to which I make reference. Liberty and Constitution, Chihuahua, March 29, 1909. (Signed) C. Gorostieta, Rubrics. Addressed to the Manager of Banco Minero of Chihuahua, present."

On the following day, March 30, 1909, the Banco Minero, pursuant to this order and under the instructions of Terrazas' attorney in the Mexican suit, without resistance or notice to Ross and Masterson, transferred the $40,000 to the credit of Terrazas, to whom it was paid upon his checks.

The Banco Minero, in the present case, duly interposed a plea to the jurisdiction of the court, upon the ground that it was a foreign corporation, domiciled in a foreign country, and neither doing business nor having any office or agent within this State, and that the cause of action arose wholly within the State of Chihuahua, in the Republic of Mexico, was local in its nature, and cognizable only by the courts of Chihuahua. It furthermore pleaded the judgment in the Mexico suit as an adjudication of the controversy, and its payment of the money involved to Terrazas under the order of the court rendering that judgment and as a part of the judgment, which payment it alleged it was compelled to make under the laws of the State of Chihuahua, as a bar to any recovery.

The trial before the court resulted in a judgment for the plaintiffs against the Banco Minero for $40,000, with 6 per cent interest from January 30, 1908.

The filing by the Banco Minero of its plea to the jurisdiction constituted an appearance, and subjected its person to the jurisdiction of the court. York v. State, 73 Texas, 651, 11 S. W., 869. It is equally clear

that the District Court of El Paso County, having acquired jurisdiction of the person of the defendant, had jurisdiction of the subject matter of the suit. The action was one for the conversion of personal property,—the $40,000 deposited to the credit of Ross and Masterson in the defendant bank, which, as alleged, it had refused to repay after demand, and had appropriated to its own use. It was accordingly transitory in its nature, and could be prosecuted in any court properly obtaining jurisdiction of the person of the defendant. Stone v. United States, 167 U. S., 178; 2 Wharton on Conflict of Laws, sec. 478a. That the money at the time of its alleged conversion was within another jurisdiction, does not affect the question. Nor was the essential nature of the suit changed by the fact that it involved an inquiry into the transaction between the plaintiffs and Terrazas respecting the Mexican land. This was but incident to the issue, and was involved only to the extent of determining whether the appropriation of the deposit was wrongful. In no other way did the suit touch the land, and in no manner did it seek to affect the title to the land.

From the findings of fact of the Court of Civil Appeals, which have been summarized in the statement of the case, it is evident that Terrazas had not a vestige of right to the $40,000 paid him by the plaintiff in error bank, and the appropriation of the money for his benefit, whether according to the Mexican law or not, was but a naked confiscation. The bank held the money for Ross and Masterson, in recognition of their ownership; and under the express condition that it was to be paid Terrazas only upon his compliance with the land contract. It is liable for a payment in breach of that condition, unless (1) its action is protected by the Mexican law, and (2) was in obedience to a judgment, valid under that law, and entitled to be so recognized by the courts of this country. Its defense, therefore, rests primarily upon the validity and effect of the order of the judge of the Mexican court, under which it made the payment. If that order was void, its action has no shield of protection, though the judgment of the Mexican court, as to Ross and Masterson, its defendant parties, be treated as valid. This is necessarily true since certainly the Mexican court had no jurisdiction of the money unless the order was effectual to confer it. In a word, the power of the Mexican judge to direct the payment and the duty of the bank to make it, inhered, if at all, in the validity and legal effect of this order. Its validity under the Mexican law, and its legal effect according to that law, if valid, is revealed at once, therefore, as the main question in the case. A judgment valid under the Mexican law and entitled to credit by the courts of this country was of course necessary to support the order of the judge; but as the payment by the bank can not be held lawful if the order was void, the validity of the judgment is a secondary question, and becomes important only upon a determination that the order was valid and had the force of conferring upon the Mexican court jurisdiction of the money.

It is plain that the judgment itself was not effectual to confer any authority upon the bank to pay the money to Terrazas, or to create any

obligation for it to do so. By its terms it was operative only against Ross and Masterson. It can not be accorded any effect as against the bank, it being not even a party to the suit. By no character of seizure or process had the money in the hands of the bank been brought within the custody of the court at the time of the rendition of the judgment, as has been already noted. Any attempt of a court by such a judgment to thus dispose of personal property of a foreigner or citizen, not within its custody, but in the hands of a third person not amenable to the decree because not a party to the proceeding, involving, as it would, the exercise of a usurped jurisdiction, is wholly futile. It is, upon its face, contrary to the usages of law of civilized countries, and no court could be said to rest under any requirement to give it credit. Jurisdiction is the main essential of every judgment, and a judgment of a foreign court which it was without the power to render, has no currency anywhere.

We do not understand the bank to here contend that the judgment of the Mexican court, of itself, operated as authority for its action in making the payment. Its position, very earnestly pressed, is that though it was not a party to that suit and the money was not through any other process within the court's custody, this order of the judge, issued after the rendition of the judgment, was a valid process according to the Mexican law, and, under that law, as effectual to impound the money and confer jurisdiction in the court to direct its payment, as any process appropriate for a like purpose known to our procedure; that in making the payment it but yielded obedience to a lawful mandate of the superior civil authority of the government where the money was and of which it was a citizen, which it was compelled to obey under penalty, and should therefore be protected in the payment. If it be conceded that the judgment is valid and entitled to credit, and therefore afforded lawful warrant for the order, and it be true that such was the effect of the order, there would be much force in this position. Such a case would assume a valid judgment, entitled to credit in our courts, and jurisdiction in the Mexican court of the person of the bank and the money, and authority to require the payment by the bank, according to the Mexican law. But whether the order of the judge was valid according to the Mexican law, and had, under that law, the legal effect to thus confer upon the court jurisdiction of the money and authority to require the payment which was made, was a question of fact. That such was its legal effect, rests upon the testimony of one expert witness, who testified that according to certain provisions of the Mexican Civil Code, the order was a valid process which it was the duty of the bank to obey under penalty. No judicial authority of any character that such was the effect of the order appears to have been introduced. The provisions of the code and the testimony of this witness comprise all the evidence upon the subject. Though embodied in a conclusion of law, the trial judge, disregarding the testimony of the expert witness, found that the Mexican court had no jurisdiction of the money and that this order was void. The provisions of the Mexican Civil Code, upon which the expert witness predicated his testimony, were in evi-

dence and before the trial judge. It was within his province to construe them for himself. He was not obliged to accept the construction placed upon them by the witness. It can not be said as a matter of law that his construction was wrong, or that his finding was erroneous. The burden of making this proof was upon the bank. We have examined the provisions of the code as found in the record, upon which this witness based his testimony respecting the legal effect of the order of the judge; and they do not in our opinion justify any construction which would give this order the force of a writ effectual to impound this money or confer upon the court any authority to dispose of it.

The case might well be rested here, but it is probably due that we pass upon the question of the validity of the judgment rendered in the Mexican suit and its right to recognition in our courts. The suit was one to enforce against Ross and Masterson, in favor of Terrazas and his associates, the specific performance of the contract entered into for the sale of the Mexican land. The obligation of Ross and Masterson under that contract was a purely personal obligation, namely, to pay in cash a certain amount of the stipulated purchase price of the land and execute their vendor's lien notes for the balance. The character of the obligation which the suit was brought to enforce and the relief sought, necessarily determined the nature of the action. Any judgment rendered against Ross and Masterson on the contract could be operative only against them personally, and the judgment actually rendered had no other purport or effect. As against them it did not propose to affect any property within the jurisdiction of the court. That according to its terms it involved an obligation on their part to make a further cash payment to Terrazas of $40,000, and that the money which, according to the contract, was to constitute such payment upon Terrazas' compliance with the contract, had then its situs in the State of Chihuahua, made it none the less a personal action. Pomeroy Eq. Jur., sec. 1318; Miller v. Rusk, 17 Texas, 170. Being essentially a suit *in personam,* the judgment as to Ross, rendered on service by publication, was void. Pennoyer v. Neff, 95 U. S., 714; Black on Judgments, sec. 836. Being a void judgment as to Ross because rendered without jurisdiction, under the accepted law of this country, the trial court properly denied it any effect as to him.

As to Masterson, the Mexican court had jurisdiction, since he entered his appearance in the case. We are convinced, however, that upon another ground the judgment as to him is deserving of no recognition at the hands of the courts of this State. There is no difficulty, we think, in determining the general principles of law which govern the standing of a judgment of a foreign country in our courts. Where there is a competent court; jurisdiction of the parties and the cause; an opportunity for a full and fair trial; regular proceedings according to the course of a system of civilized jurisprudence, likely to secure an impartial administration of justice between the citizens of its own country and those of other countries; with nothing to show either prejudice in the court, or in the system of laws, or fraud in the pro-

curement of the judgment; and there is no special reason why the comity of the United States should not allow it effect, the merits of the case, in an action in this country, are not subject to retrial on account of errors of law or fact in the rendition of the judgment. Hilton v. Guyot, 159 U. S., 113.

But, jurisdiction being granted, the chief requisite for the recognition of a foreign judgment necessarily is that an opportunity for a full and fair trial was afforded. This means, not a summary proceeding though sanctioned by the law of the forum, but an opportunity to be heard upon the proof where it is apparent that the cause involves questions of fact, and to have it considered by an unprejudiced court. The proceedings shown in relation to this judgment make it manifest that the trial of the case in the Mexican court was wanting in these essential elements. They reveal that the action was one unquestionably resting in questions of fact, and that Masterson pleaded what would have constituted a good defense; yet that he was denied the right to present it, it not appearing that his offer to support it was unseasonably made. If it be urged that this was warranted by the Mexican procedure, we are unwilling to give conclusiveness to a judgment which such a procedure sanctions. The judgment and the recitals which accompany it are a maze of words; but as we interpret their vague and confused statements, it appears to have been rendered upon no proof whatever. It furthermore appears that Masterson was denied an appeal from the judgment upon what seems to us to have been a frivolous ground, namely, the omission to affix a stamp to the document of appeal. The entire proceeding appears to have been arbitrary in its nature and summary in its execution; and the court, in our opinion, properly declined to give the judgment effect.

The judgments of the District Court and the Court of Civil Appeals are affirmed.

*Affirmed.*