## MENDIOLA v. GARZA BROS.
### (No. 5649.)

(Court of Civil Appeals of Texas. San Antonio. April 5, 1916. Rehearing Denied April 19, 1916.)

1. SALES ☞359(1)—ACTION FOR PRICE—SUFFICIENCY OF EVIDENCE.

Evidence, in an action for the purchase price of two-thirds of plaintiffs' wheat crop taken by defendant on his promise to pay, *held* to sustain a verdict for plaintiff.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1056, 1057; Dec. Dig. ☞359(1).]

2. FRAUDS, STATUTE OF ☞33(1)—PROMISE TO ANSWER FOR DEBT OF ANOTHER—ORIGINAL PROMISE.

Where defendant took from plaintiffs one-third of the wheat they had agreed to pay for police protection, and also took the remaining two-thirds, and shipped it to a flour mill, and took the flour and promised to pay for it, but failed to do so on request, the promise was not within the statute of frauds, as there was no debt proven against the one to whom police protection was paid, and since, if there had been an original debt from such person to plaintiff, defendant's promise would not be affected by the statute.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. § 50; Dec. Dig. ☞33(1).]

3. COURTS ☞7—JURISDICTION — PERSON AND SUBJECT-MATTER.

In an action to recover on a promise to pay for wheat raised in the republic of Mexico and taken from plaintiffs where defendant appeared in court, the Texas courts had jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 14, 16, 22–31; Dec. Dig. ☞7.]

**4. SALES ☞358(1)—EVIDENCE.**

In an action to recover on defendant's promise to pay for wheat taken from plaintiff, ground, and delivered to defendant, a letter from the mill company, corresponding with the date of the conversion and identified by the writer, the manager of the mill, showing the number of the car consigned to defendant, and a letter signed by defendant, acknowledging receipt of the mill's letter, and showing that defendant had sent the wheat in a certain numbered car to the mill, and acquiescing in the results, were material and relevant.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1049, 1054; Dec. Dig. ☞358(1).]

**5. SALES ☞353(1)—SUFFICIENCY OF PETITION.**

A petition, alleging that plaintiffs raised and owned a quantity of wheat, one-third of which they had agreed to pay for police protection, that defendant took that third, and also the remaining two-thirds, of the reasonable value of $337, and had the wheat shipped to a flour mill, and ground and took the flour, and promised to pay for it, and failed to do so, though requested, was sufficient.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 995, 997, 999; Dec. Dig. ☞353(1).]

Appeal from Maverick County Court; Ben V. King, Judge.

Action by Garza Bros. against Jesus Santos Mendiola. Judgment for plaintiff, and defendant appeals. Affirmed.

Chambers & Watson, of San Antonio, for appellant. Sanford & Wright, of Eagle Pass, for appellee.

SWEARINGEN, J. Plaintiffs alleged that they raised and owned in the republic of Mexico a quantity of wheat in June, 1915; that one-third of this amount they had agreed to pay to Gen. Hernandez for police protection; that defendant, Mendiola, took from plaintiffs the one-third for Gen. Hernandez, and also took the remaining two-thirds, amounting to 13,347 kilos, the reasonable value of which was $337.33; that defendant had the wheat shipped to a flourmill, had it ground into flour, and took the flour; that he promised to pay for the wheat, but failed to do so, though requested so to do. Defendant answered by general and special exceptions and a general denial. The case was submitted to a jury upon an oral charge. The jury found a general verdict for plaintiffs. The court entered judgment in accordance with the verdict of the jury, in favor of plaintiffs for $337.33 and for all costs. Motion for new trial was overruled, and defendant perfected this appeal.

[1] Under the first assignment appellant urges, as fundamental error, that there is no evidence to support the judgment; that the court was without jurisdiction, and, under several propositions, called, by appellant, "minor propositions," contends that the debt sued for was an original debt of Gen. Hernandez; that the promise of defendant was wholly collateral, and therefore within the statute of frauds. The evidence shows that Mendiola ordered the two-thirds of the wheat sued for to be sent to a flourmill; that he promised to pay for the wheat; that he paid the mill for grinding the wheat into flour with 75 per cent. of the bran; that the flour from the wheat and the balance of the bran was sent to defendant by the mill; that defendant promised J. A. Bonnet, agent for plaintiffs, to pay for the wheat; that he never paid for it. This evidence justified the jury's verdict, and supports the judgment thereon.

[2] The evidence does not bring plaintiffs' claim against Mendiola within the statute of frauds, for Mendiola took the wheat himself, and should pay for it himself, as he promised he would do. There is no debt proven against Gen. Hernandez. If there were an original debt in favor of plaintiffs against Hernandez, defendant's subsequent promise to pay it would not have been affected by the statute of frauds, because defendant received for himself the wheat. Bank v. Freeman (Sup.) 181 S. W. 187; Harp v. Hamilton, 177 S. W. 565.

[3] The contention, suggested under this first assignment, that the trial court was without jurisdiction, is without merit. The appellate courts have repeatedly held that Texas courts have jurisdiction of causes arising under similar circumstances in Mexico. Banco Minero v. Ross & Masterson, 106 Tex. 522, 172 S. W. 711; Railway v. Mitten, 13 Tex. Civ. App. 653, 36 S. W. 282.

The first assignment must be overruled.

[4] Appellant's second assignment complains of the admission in evidence of a letter from the flourmill company to Mendiola, the defendant. Appellant's third assignment complains of the admission in evidence of a letter from defendant, Mendiola, to the flourmill company. The objections were that the letters were not properly proven, were irrelevant and immaterial. The letters were material and relevant, because the letter from the mill to defendant identified the wheat shipped in car N. M. No. 9458; referred to statement inclosed, giving results of grinding. The letter is evidence that the wheat and bran from that wheat were shipped by the mill in car N. M. No. 25992, and was addressed to defendant. The date corresponded with the date of the conversion sued for. This letter was identified by its writer, the manager of the mill, who also testified that the wheat was ground and the flour delivered to Mendiola, as he wrote in the letter. The letter from Mendiola was signed by Mendiola, the defendant, as testified by Gomez, who knew his handwriting. It acknowledged receipt of the letter from the mill company. This letter is evidence that defendant sent the wheat in car N. M. No. 9458 to the mill to be ground and acquiesced in the results received. The letters were properly proven and were material and relevant. The second and third assignments are overruled.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[5] Appellant's fourth, fifth, sixth, and seventh assignments all complain of the order of the court overruling defendant's exceptions to plaintiffs' petition. The petition clearly stated a cause of action in favor of plaintiffs against defendant. The averments were sufficient to give defendant full notice of all that plaintiffs expected to prove. The exceptions were properly overruled.

There is no error in the record. The judgment is affirmed.