## ROBERTS et ux. v. STEWART FARM MORTGAGE CO. (No. 6495.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 12, 1921.)

**1. Appearance 9(2)—Defendant by appearance to question jurisdiction subjects itself to court's jurisdiction.**

Voluntary appearance of defendant foreign corporation in the district court to attack the court's jurisdiction constituted an appearance subjecting its person to the jurisdiction of the court.

**2. Injunction 136(2)—Purchaser, suing for rescission, entitled to temporary injunction restraining assignment of purchase-money notes.**

In purchaser's action against foreign corporation to rescind sale on ground of fraud and to obtain a temporary injunction restraining vendor from selling or assigning purchase-money notes during pendency of the action, the injunction should be granted, regardless of whether the court is able to enforce it; purchaser having the right thereto.

**3. Equity 32—Will take jurisdiction, though subject-matter is beyond court's territorial jurisdiction.**

Where the necessary parties are before a court of equity, it is immaterial that the subject of the controversy, whether it be real or personal property, is beyond the territorial jurisdiction of the tribunal, since it can compel the defendant to do according to the lex loci rei sitæ all he could do voluntarily to give full effect to the decree against him.

Appeal from District Court, Hidalgo County; Hood Boone, Judge.

Suit by C. F. Roberts and wife against the Stewart Farm Mortgage Company. Plea to jurisdiction sustained, and plaintiffs appeal. Reversed and remanded, with instructions.

Geo. P. Brown, of Edinburg, and Don A. Bliss, of San Antonio, for appellants.

McDaniel & Bounds, of McAllen, for appellee.

FLY, C. J. Appellants sued to rescind the sale made to them by appellee of certain tracts of land in Hidalgo county, on the ground of fraud on the part of appellee and to obtain a temporary injunction, restraining the appellee from selling or assigning certain notes given for the purchase money of the land during the pendency of the suit. Appellee is a foreign corporation, but its agent was in Hidalgo county and was served with citation, and appellee appeared in court and attacked the jurisdiction of the court over its person. The court sustained the plea, and held that it could not grant a temporary injunction as to a foreign corporation.

[1] Appellee does not attack the service upon it, and, if it had, its voluntary appearance in the district court to attack its jurisdiction constituted an appearance, and subjected its person to the jurisdiction of the court. York v. State, 73 Tex. 651, 11 S. W. 869; Banco Minero v. Ross, 106 Tex. 522, 172 S. W. 711.

[2] Fraud was alleged, and when jurisdiction of the person of appellee was obtained appellants had the right under its allegations to have an injunction issued to restrain the transfer or assignment of their promissory notes. Pom. Eq. Jur. §§ 1318, 1340, 1368. The court may or may not be able to enforce its order of restraint, but that the order may not be capable of enforcement cannot enter into the consideration of appellants' right to the injunction. The injunction should be granted.

[3] Where the necessary parties are before a court of equity, it is immaterial that the subject of the controversy, whether it be real or personal property, is beyond the

For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

territorial jurisdiction of the tribunal. It can compel the defendant to do, according to the lex loci rei sitæ all that he could do voluntarily to give full effect to the decree against him. Joyce on Injunctions, § 77; Phelps v. McDonald, 99 U. S. 298, 25 L. Ed. 473; Nelson v. Lamm, 147 S. W. 664.

The judgment is reversed, and cause remanded, with instructions to the district judge to issue the writ applied for by appellants.

---

⬠For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes