**RUSSEK et al. v. ANGULO.   (No. 1272.)** *

(Court of Civil Appeals of Texas. El Paso. Dec. 21, 1921. Rehearing Denied Jan. 12, 1922.)

1. **Banks and banking  152—Money on time deposit taken by government forces held that of defendants, bankers, and not of plaintiff depositor.**

Where plaintiff deposited money with defendants in Mexico, and, because of threats of a revolutionary party seeking to confiscate the depositor's money because he was an enemy, the defendants came into Texas, got the amount of money, and paid it to such revolutionary government, now in control of Mexico, the deposit slip, being one drawing interest, created the relation of debtor and creditor, and upon the delivery of the deposit it became the money of the defendants, so that the money confiscated was that of defendants, and not of plaintiff; it having been confiscated before due date.

2. **War  12—Courts should recognize military confiscation only when seized for military purposes, and credits may only be confiscated by the court.**

The confiscation by the military authorities should only be recognized by the courts when the property is seized and utilized for military purposes, and credits may only be confiscated by the courts by following court procedure.

3. **Evidence  571(4)—Court is not bound to accept the opinion of an expert as to effect of a foreign statute.**

In a depositor's action to recover a time deposit bearing interest alleged by defendants to have been confiscated by Mexican military authorities, where defendants claimed they paid the money under duress and by reason of overwhelming force beyond their control, and without intent of negligence on their part which

they alleged excused them under a Mexican statute, which was not proven and produced in evidence, as required by Rev. St. art. 3692, the defense could not be established by the testimony of Mexican lawyers that such would release the debt, since the court is not bound by the opinion of an expert upon the effect of a statute.

Appeal from District Court, El Paso County; P. R. Price, Judge.

Action by Melquiades Angulo against David S. Russek and others. Judgment for the plaintiff, and the defendants appeal. Affirmed.

Winter, Goldstein, Miller, McBroom & Scott, of El Paso, for appellants.

C. L. Vowell and M. V. Ward, both of El Paso, for appellee.

HARPER, C. J. This action is predicated upon the following instrument:

"Certified Receipt of Deposit.
 "David S. Russek & Co., Private Bankers,
  "Chihuahua, Mexico, Dec. 13, 1919.
"The Mr. Engr. Melquiades Angulo has deposited with Messrs. David S. Russek & Co., the amount of $10,000.00 ten thousand & 00/100 pesos national gold (Mexican gold), to his credit and order of himself payable at the presentation of this certificate on the 13th of June, 1920, plus interest at the rate of 8% per annum from this date.
  "David S. Russek & Co.,
    "[p. p.]  By Aurelio F. Ramos."

The defense offered is that the writing is a certificate of deposit issued by them as private bankers at Chihuahua, republic of Mexico, being the domicile of the parties at the time, and that the money or credit was thereafter confiscated by the De la Huerta and Calles revolutionary party, after it had overthrown the Carranza régime, through the regular military commander of the revolutionary party, for the sustenance of its military operations, as the property of plaintiff, because he was an enemy of the new government, which succeeded to the sovereignty of Mexico. Further, that it was taken by force and duress, which constituted uncontrollable circumstances and unavoidable accident, and without negligence or willful intent on defendants' part, so that under the laws of Mexico they were not liable for its loss. The court instructed a verdict for plaintiff for the balance due, $3,294.91, United States money. Defendants appealed.

The first proposition is that the evidence conclusively shows that the certificate of deposit or credit sued upon was confiscated by the duly commissioned military commander of the legitimate government of Mexico during the progress of a revolution, which was subsequently successful, and such confiscation and payment thereunder were by such authority made a satisfaction and discharge of the debt; such acts are not subject to re-examination by the courts of this country.

It was therefore error for the court to instruct a verdict for plaintiff, but should have instructed a verdict for defendant. Thus appellants invoke the rule applied in Underhill v. Hernandez, 168 U. S. 250, 18 Sup. Ct. 83, 42 L. Ed. 456. Oetjen v. Central Leather Co., 246 U. S. 304, 38 Sup. Ct. 309, 62 L. Ed. 726; Terrazas v. Holmes, 225 S. W. 848.

Do the facts bring this case within the rulings of these cases. It is undisputed that appellants, David S. Russek & Co., a copartnership, were engaged in business as private bankers, in the city of Chihuahua, Mexico, upon the date of receipt or certificate of deposit, copied above, to wit, December 13, 1919, and received the money noted therein. Venustiano Carranza was at that time president of the republic of Mexico. About April 23, 1920, a revolt was started against the Carranza government headed by or under the leadership of De la Huerta, Calles, and others, under what was called the Agua Prieta plan." A witness for the appellants described the changes in the city of Chihuahua as follows:

"I know something about the revolution against the Carranza government that was set in motion by De la Huerta and Calles over in Sonora. I know it was at Chihuahua, April 26th. * * * They apprehended Gov. Salinas, who had been governor up to that time. * * * He belonged to the Carrancista party. * * * On April 26th, a revolutionary movement took place down there. It was an entire change of government. * * * No soldiers came there. * * * They changed governors. * * * Gen. Eugenio Martinez (theretofore a general under the Carranza government) took charge as chief of the movement."

It was further in evidence that Leandro Diaz de Leon, formerly a general under Carranza, changed to a brigadier general under this new movement, and was appointed president of a finance committee by the following document:

"Mr. Leandro Diaz de Leon, Lawyer, City. On this day (the 26th of April, 1920) you have been appointed president of the finance committee (treasury), which is in charge of the collection of funds from private individuals for the sustenance and carrying out of the military operations which to-day are inaugurated, against the government of the citizen "Venustiano Carranza and I, being the chief in this state of the revolutionary movement in conformity with the 'Agua Prieta plan,' as proclaimed in Sonora on the 23d instant, hereby give you full power and authority, to confiscate in favor of this movement all moneys which the enemies of our cause may have in the banks of this capital city. (In the Spanish original the words as translated above "all moneys" is written "el dinero.")
  "Effective Suffrage.—No Re-election.
"Chihuahua, Chih., April 26, 1920.
    "[Signed]  E. Martinez Rubric,
"General in Chief of the Military Operations
        in the North."

Thereafter the following orders were issued:

"Messrs. David S. Russek and Co., City. I have been informed by the citizen Ricardo Ordaz, that in making an examination and inspection of your books as ordered in my communication to you of the 4th instant, that Engineer Melquiades Angulo has a deposit in your bank amounting to $10,000.00 ten thousand dollars: and as the said engineer is a well-known political enemy of the principles which the cause I belong to is fighting for, and inasmuch as he has and is still upholding the Carrancista régime, I, hereby notify you, that without any excuse or pretext whatsoever on your part, you will, please, turn over to me the aforesaid amount of money so as to place the same to the credit of the fund which is now being collected to carry out to a successful issue the military operations against said Carranza government.

"And I hereby notify you, at the same time, that in case you refuse to turn over the money as aforesaid, I will make use of all the means in my power to see that this order is complied with.

"Effective Suffrage.—No Re-election.
"Chihuahua, May 8, 1920.
         "[Signed] L. Diaz de L. Rubric."

"Messrs. David S. Russek and Co., City. I inclose, herewith, receipt for the sum of $6,189.50 (six thousand one hundred and eighty-nine $50/100$) which appears as deposited by Eng. Melquiades Angulo, so that you will, please, place this amount, immediately, at my disposal and the herein receipt shall be sufficient proof of the delivery of said amount by you to me.

"I shall insist, that under no circumstances will I permit any further delay in regard to the delivery of this money inasmuch as I have informed you hereafter (?), that Engineer Angulo is a political enemy of our cause, and owing to this fact I have instructions from our general in chief to proceed to confiscate all moneys belonging to our enemies.

"Effective Suffrage—No Re-election.
"Chihuahua, May 14, 1920.
         "[Signed] L. Diaz de L. Rubric."

The appellants' agent in Chihuahua notified them that the appellee had a deposit for such an amount with their bank, but that the money was in El Paso, Tex. Whereupon after peremptory orders from the Governor, etc., and after threats that be would be put in jail if he refused to deliver said agent came to El Paso and got the money and paid it over, for which the following receipt was issued.

"For $6,189.50 Mexican gold (national gold) by this document the Direccion (?) General de Hacienda in the state gives receipt in favor of Messrs. David S. Russek & Co., for $6,189.50, six thousand one hundred and eighty-nine pesos fifty cents oro nacional (Mexican gold), which we have received at our entire satisfaction, and which value proceeds from one certified receipt of deposit that under number two and dated the 13th of December, 1919, issued for the amount of $10,000.00 by the above expressed (named) Messrs. David S. Russek & Co., in favor of Mr. Engr. Melquiades Angulo and which was to be duly paid when due on the 13th of June, 1920.

"The amount of $6,189.50 is the balance in favor of Mr. Engr. Melquiades Angulo, balance left on account of his having disposed with anticipation of $3,810.50, by checks drawn on account of this deposit and which checks we repaid to him.

"By superior orders (superior disposition) of the Dirreccion General de Hacienda in the state, the $6,189.50, national gold (Mexican gold), have been made attached property as belonging to Mr. Engr. Melquiades Angulo, freeing Messrs. David S. Russek & Co. of their obligation of payment which they had to pay for said certified receipt of deposit to Mr. Engr. Melquiades Angulo or to the holder of said document.

"Messrs. David S. Russek & Co., are authorized to take back and retain said certified receipt of deposit upon presentation to them, giving right away notice to this office in order to dictate the conduscent orders in regard to the holder of the expressed certified receipt of deposit.

"Sufragio Effectivo—No re-election.
"Chihuahua, Chih., on 14th of May, 1920.
"The General Director of Hacienda,
         "[Signed] L. Diaz de Leon."

At the date of this receipt fighting had ceased. The money was used to pay off the soldiers.

It further appears that this Calles-Obregon movement or revolution got control of the republic of Mexico about May 6, 1920, De la Huerta elected provisional president, and later July, Obregon was elected president.

There is nothing in this record to show that the courts were not in operation at the time of the happening of the above events, but there is a statement from one witness to the effect, not positive, that they were.

[1] Conceding that the acts of these self-constituted military officers enumerated above are sufficient to authorize or justify a court of justice to dignify them with a holding that they constitute in law a confiscation sufficient to divest a citizen of Mexico, an enemy of the revolutionary movement, of title to his property in a proper case, in justice and equity it could not be held that they sufficed to settle the debt due from appellant to appellee in this case, for the reason that clearly these moneys delivered were not the moneys of appellee, but of appellant. The certificate relied upon is a time deposit, drawing interest, it created the relation of debtor and creditor, and upon the delivery of the money by plaintiff to defendants it became the property of the latter. It had not been returned, nor was it due to be returned until the 13th of June, after these transactions took place.

There is here no seizure and sale of specific property, and the proceeds used in furtherance of a revolutionary movement, as in the cases cited by appellants. And it was in no

sense a confiscation of the depositor's credit, but simply a case of forcibly inducing appellants to deliver their own money.

[2] See Hall v. Keese, 31 Tex. 504, on confiscation by the military. The principle announced in this case is that confiscation by military authorities should only be recognized by the courts when the property is seized and utilized for military purposes, and in the case of Phœnix Bank v. Risley, 111 U. S. 125, 4 Sup. Ct. 322, 28 L. Ed. 374, it is declared that credits may only be confiscated by the courts by following court procedure.

[3] This brings us to the next proposition urged as a defense to the cause of action, viz. that appellants paid the money under duress, and by reason of overwhelming force beyond their control, and without intent or negligence on their part, and for this reason they are not liable under the laws of Mexico. Appellants in this respect rely upon a statute of Mexico. No such statute was proven and introduced in evidence as required by article 3692, R. S. Tex., but the existence of such statute and its contents were testified to by Mexican lawyers. This testimony is very indefinite; if it has any meaning at all, it simply details rules of law applicable to a bailee of property, and it is clear that the facts here would not constitute appellants bailees of any of appellee's money. True, these lawyers testify that the facts here would release the debt under the statutes quoted, but we are not bound by the opinion of an expert upon the effect of a statute, where we have it before us, as in this case, garbled as it is. Banco Minero v. Ross & Masterson, 106 Tex. 522, 172 S. W. 711.

Finding no error, the cause is affirmed.