E. WILSON *v.* GEO. S. ZEIGLER AND JOHN WILKINSON.

1. JURISDICTION—SERVICE BY PUBLICATION.—In a suit by a resident plaintiff against a non-resident, the jurisdiction does not depend upon auxiliary attachment proceedings. Such suit, on service by publication, may be prosecuted to judgment, which will be valid as against property of the defendant found in the State.
2. PRACTICE.—Appearance by a non-resident defendant by attorney confers jurisdiction over him equally with personal service.
3. CASES OVERRULED.—Herrington *v.* Williams, 31 Tex., 457, overruled as to service on non-residents.

ERROR from Colorado. Tried below before the Hon. Livingston Lindsay.

The facts appear in the opinion.

*R. V. Cook*, for plaintiff in error, cited Campbell *v.* Wilson, 6 Tex., 392; Paschal's Dig., art. 25, and note; McMullen *v.* Guest, 6 Tex., 275; Ward *v.* Lathrop, 11 Tex., 287; Butterworth *v.* Kinsey, 14 Tex., 500; Lawler *v.* White, 27 Tex., 253; Hill *v.* Baylor, 23 Tex., 263; Grassmeyer *v.* Beeson, 13 Tex., 529; Thouvenin *v.* Rodrigues, 24 Tex., 470.

· *John T. Harcourt,* for defendant in error, cited Herrington *v.* Williams, 31 Tex., 457; Boswell's Lessee *v.* Otis, 9 How., 348; Cooley's Const. Lim., 404.

IRELAND, ASSOCIATE JUSTICE.—This suit is against Zeigler, a citizen of Colorado county, Texas, and John Wilkinson, a citizen of the State of Mississippi, on a note made by Zeigler. It is alleged that although the note imports an obligation by Zeigler alone, it is nevertheless the debt of Wilkinson also, and that Zeigler was his agent.

Service was asked and had on Wilkinson by publication. He came in, by attorney, on the 24th of January, 1874, and filed a general demurrer and general denial. On the 6th day of October, 1874, Wilkinson filed an amended answer, in which it is virtually admitted that he owned property within the jurisdiction of the court. On the 8th day of October, 1874, plaintiff filed an amended petition, in which it is distinctly alleged that Wilkinson "has for several years owned a plantation in Colorado county, about thirteen miles below Columbus."

After the court had told the jury to return a verdict against Zeigler for the amount of the note sued on, it proceeded further to say: "But the court charges the jury that the defendant, Wilkinson, being a non-resident, and not being served with a citation, nor any property of his being in the State seized by process, the court has nothing before it to which the judgment of the court can be made to apply, and the court is without jurisdiction as to him, so the jury can make no finding as to Wilkinson."

There was a verdict against Zeigler, but no finding as to Wilkinson. There was a motion for a new trial, based, among other matters, on the charge as to Wilkinson, which was overruled, and plaintiff appealed.

There was no ruling on the demurrer, and it must be regarded as waived.

While it is true that a judgment without personal ser-

vice has no extra-territorial force, it is equally true that an appearance, either in person or by attorney, has the same force and effect as personal service, and a judgment rendered against a party who appears by attorney would have the same validity in any State of the Union as where it was rendered.

The fact that the party is alleged to be a non-resident and is cited by publication would not weaken the force of the judgment if there was an appearance by attorney.

We are referred to the case of Herrington *v.* Williams, 31 Tex., 457, to sustain the ruling of the court below in this case.

On page 457 we find this language made use of by the court:

"From the alternative prayer in the petition, which alleged the non-residence of the administrator and heir, and the existence of property belonging to him within the jurisdiction of the court, it is apparent that this could only be a proceeding *in rem*, and the jurisdiction was sought to be made to attach to the property and not to the person, as no personal judgment can be rendered against a non-resident without actual personal service of citation or writ upon the party.

"In order to acquire jurisdiction through the property, where the party is a non-resident or absent from the State, there are certain essential prerequisites prescribed by statute to be performed before the jurisdiction actually attaches so as to authorize an adjudication of the court upon the rights of parties.

"There must be an affidavit made, bond and security given to the absent party, the impetration of the writ of attachment, and its actual levy and return by the ministerial officer of the court, before the jurisdiction attaches in a proceeding *in rem*."

By a close inspection of the language used in this quotation, it will be found that it contains several distinct propositions of law.

If it be correct to say that no personal judgment can be rendered against a non-resident without actual personal service, it would seem an idle formula to have citation by publication. If the proceeding is one *in rem* in its character, why have service of citation on a non-resident by publication?

It is true that in proceedings strictly *in rem,* as in admiralty proceedings, there is no personal service, and all the world are regarded as parties to and bound by the proceedings.

But our proceedings by attachment, either against a citizen or a non-resident, are not proceedings *in rem* nor to be likened to it. Paschal's Dig., art. 156, reads: "That no judgment shall be rendered in suits by attachment unless the citation or summons has been served in the ordinary way, or by publication in the manner provided by law." Certainly this statute contemplates a personal judgment, although service by publication. Personal judgments on service by publication are common to the proceedings in courts of most of the States of the Union, and their validity and force has been almost universally recognized within the jurisdiction where they are rendered. (Boswell's Lessee *v.* Otis, 9 How., 350; Oakey *v.* Aspenwall, 4 Comst., 513; Nations *v.* Johnson, 24 How., 203; Freeman on Judgments, sec. 127.)

It is true that where a defendant is a non-resident a plaintiff may sue out an attachment against his property by complying with the attachment laws, (Paschal's Dig., art. 142,) but it is optional with him whether he will take this precautional measure or not. If he chooses he may have his judgment on service by publication, and run the risk of the non-resident debtor not selling or incumbering before he can get his execution.

If one of the parties litigant reside in the State the jurisdiction of the courts will attach.

If neither reside in the State, and it be shown by the plead-

ings that the defendant has property here, the jurisdiction will attach; and if there is service of process by publication, the plaintiff can have his judgment and execution to any county in the State, and if he can find property of the de- defendant he can sell and make his debt.

In this case there are three things shown by the record, either one of which gave the court jurisdiction over Wil- kinson: 1st, it is shown that he had property in Colorado county; 2d, the plaintiff is a citizen of Colorado county; and, 3d, Wilkinson appeared by attorney, and answered. Of course in the two first cases mentioned there must have been service by publication or otherwise.

So far as the views here expressed are in opposition to the case of Herrington *v.* Williams, that case must be regarded as overruled. As the case in the court below was made to turn on the points here noticed, and as none other have been noticed in this court, no other question will be discussed.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.