## FIELD & CO. v. T. F. FOWLER.

SUPREME COURT OF TEXAS, AUSTIN TERM, 1884.

*Practice—Judgment by Default*—In an action for the trial of the right of property, a judgment by default cannot be taken, after an appearance by the defendant, unless such appearance has been withdrawn or set aside; or, unless the defendant has refused or failed to join issue, under direction of the court.

*Appearance—Effect of.*—In such action the appearance of the defendant has all the effect of a plea in an ordinary case, in preventing a judgment by default, until his refusal to join issue.

*Attorney and Client.*—The retirement of counsel from the cause does not set aside all steps and cancel all action previously taken by them. The client is still entitled to the benefit of all pleadings or entries made by them.

Appeal from McLennan county.

Jones & Kendall, for appellants.
Anderson & Flint, for appellee.

Willie, C. J.: Our Revised Statutes provide that, when the pluintiff in an action for the trial of the right of property appears and the defendant fails to appear, or neglects or refuses to join issue under the direction of the court, within the time prescribed for pleading, the plaintiff shall have judgment by default as in other cases. Art. 4385. The result of this provision is to give to an appearance by the defendant all the effect of a plea in an ordinary case in preventing a judgment by default, until such time as he shall refuse to join issue under the direction of the court.

How this appearance is to be effected is not prescribed, but when the parties come into court, as in this case, and have an entry made upon the minutes that they have appeared, it is sufficient to prevent the consequences of a failure to appear on either side. The appear ance may be either in person or by attorney, and its effect continues until it is withdrawn or set aside, or the defendant fails to join issue where one is directed by the court

In this case after the appearance of both parties had been regularly entered, and before any issue had been directed by the court, a judgment by default was entered against defendant. The only reason given for this in the record is because the defendant's attornies had retired from the defence of the cause. It is not shown that

they withdrew the appearance, or that the court set it aside at their request.  It is contended, however, that by force of their abandonment, the appearance which they had previously entered for their clients was set aside, and availed the defendants no further.  We fail to see the force of this idea.  The original appearance as we have seen, could have been made without the aid of an attorney, and certainly its continuance depended in no wise upon the continued representation of the defendant's interest, by any particular attorney, or by any attorney at all.  Moreover, the retirement of counsel from the prosecution or defense of a cause does not set aside all steps, and cancel all action previously taken by them in its management.  Their client is entitled to the benefit of all pleadings and other papers, or entries made by them.

It may be true that, with leave of the court, an attorney, so long as he still represents one of the parties, though upon the eve of abandoning a cause, may withdraw an appearance made by him, or pleas filed in its defense, and leave his client to the mercy of his adversary.  The court may probably in such case presume that he had authority to that effect, and leave him and his client to settle the damages, if any, resulting from his desertion.  Hirch v. Todhunter, 7 Har. & J., 275.

But the intent to do so must clearly appear, and the record should positively show, that the pleadings or entries or other proceedings were withdrawn, or they will still remain in the cause, and have the same effect upon it, as if the party for whom they had been filed were still represented by an attorney.  We think the abandonment by the attornies of the defense of the present suit merely left the claimant without counsel, but did not make it the proper subject of a judgment be default.

Bnt if the judgment had been properly rendered originally it should have been set aside upon the motion for that purpose filed by the appellant.  It was clearly shown that one of the attorneys for the appellee had promised him on the day before the judgment by default was entered; that he would notify him before taking any action in the case.  It also clearly appears from the facts recited in the motion that this promise was made in view of the fact that the counsel previously employed in the defense had signified their intention not to appear in it any longer.  They had been employed by the clamints, who seem to have deserted the cause and left their

surety, the appellant, to provide as best he could for its defense. The favor intended to Jackson was intended to give him an opportunity to provide counsel in case they should be needed in the further defense of the suit. It was not fulfilled by a notice given to Jackson in so short a time before the judgment was taken that he could not after receiving the notice reach the court house in time to prevent its being entered up.

It may be true that the attorney taking the judgment did not know of the promise made by his associate and partner, and hence the apparent breach of the agreement. But the appellant had every reason to suppose that the agreement would be made known to the other attorney, or if not, that the one giving the assurance would see that it was fully complied with. He certainly cannot be made to suffer for the default of the party upon whose promise he relied, by reason which he was led into a seeming neglect of his cause. The facts set out in the motion are verified by affidavit and are not contradicted in the same manner by appellee. Hence they must be treated as true, and so considering them, we think, they showed sufficient cause for setting aside the judgment by default, and that the court erred in permitting it to stand. The judgment is reversed and the cause remanded.