RICE, STIX & CO. V. J. D. PETEET.

(Case No. 2032.)

1. JURISDICTION—NON-RESIDENT—A non-resident can  e sued in the courts of this state without bringing before the court such of his effects as are within the state.
2. PLEADING—A plea to the merits, after a plea to the jurisdiction has been overruled, is a waiver of all objections to the process and of all objections to the jurisdiction, except those contained in the plea overruled.
3. CASE APPROVED—Liles v. Woods, 58 Tex., 416, approved.

APPEAL from Camp. Tried below before the Hon. Geo. T. Vaughan. The facts are stated in the opinion.

E. A. King, for appellants.

J. D. Peteet, for appellee, cited: Liles v. Woods, 58 Tex., 416; R. S., 1230; O'Neil v. Brown, 61 Tex., 37; Jones v. Jones, 60 Tex., 451; Wilson v. Zeigler, 44 Tex., 657.

WILLIE, CHIEF JUSTICE.—Rice, Stix & Co., residents of Missouri, were sued by J. D. Peteet, before a justice of the peace in Camp county, where Peteet resided, upon an account for services rendered as an attorney at law. They appeared and made a motion to dismiss the suit, because the court had no jurisdiction of their persons, and they had no property within the state of Texas. The justice overruled their objections and gave a judgment against them, from which they appealed to the district court. The objection to the jurisdiction was renewed in that court, and again decided in favor of the plaintiff. The judgment states that the parties then appeared, by their attorneys, and submitted the matters of law and fact to the court, and that judgment was thereupon given against the defendants for $56.57, together with interest and costs. From that judgment this appeal is taken.

The errors assigned question the ruling of the district court upon the motion to dismiss the suit for want of jurisdiction. No objection was made below to the manner in which the defendants were brought into court; and if there had been, under the decision of this court, in Liles v. Woods, 58 Tex., 416, the objection would not have availed after the defendant had pleaded to the jurisdiction of the court upon other grounds. Besides, when their plea to the jurisdiction was overruled, they appeared and submitted the cause upon the merits to the court, which was a waiver of all objections to the manner in which they were brought into court, and of all other objections to the jurisdiction, except such as were set up in their overruled motion.

This motion is sought to be sustained here upon one ground only, viz: A non-resident cannot be sued in our courts when he has effects in the state, as these parties had, unless these effects are brought before the court to await the final judgment, and that this must be done by attachment, garnishment or similar process. It is also urged that the suit must be brought in the county where the effects are found. There is no special requirement in our statutes that such suits shall be accompanied by a seizure of the defendant's property, or garnishment of his effects. Nor can any such principle be derived from our attachment law.

It gives a plaintiff the right to obtain an attachment on the ground that the defendant is a non-resident, but does not compel him to do so in order to be entitled to bring a suit. This would be to deny him the right to sue unless he could swear to every thing necessary to procure an attachment, and give the bond required in such cases. It would impose upon him a burden, which would, in many cases, amount to a denial of justice. Whilst he could sue a resident without oath or bond, he could not proceed without both against a non-resident, though he were temporarily present in the county where the suit should be brought, and could, therefore, be personally served with process, and had abundant effects in the state to answer any judgment that might be rendered against him. Judgments obtained upon personal service are valid, and are enforced in the state where rendered by execution, and by action of debt in other states. When the non-resident has effects which can be reached by process under such a judgment, why the necessity of first proceeding against them by attachment? It is certainly more onerous on the non-resident thus to have his property seized in advance of judgment, and is a privilege given to the plaintiff which he need not, and sometimes cannot accept. Our courts always held previously to the adoption of the Revised Statutes, that non-residents might be sued in our state by parties residing here. The Revised

Statutes did not disturb these decisions by enacting to the contrary; but they in effect recognized them by fixing the venue of such suits. They provide that they may be brought in the county where the plaintiff resides. Having the power to allow those suits to be brought here, they have the power to fix their venue, and they have not required them to be instituted where the defendant's property is found. There is no error in the judgment, and it is affirmed.

AFFIRMED.

[Opinion delivered November 5, 1886.]