### JOSEPH I. IRION V. BEXAR COUNTY.

#### Decided June 12, 1901.

**1.—Judgment—Collateral Attack—Citation by Publication.**

Where defendant was cited by publication to appear before the justice court, on October 23, and the date of the last one of the four weekly publications was October 21st, less than a week previous to the return day, the service was good for the ensuing November term, and a judgment entered at the December term was not subject to collateral attack because there was no order entered continuing the case over to the December term.

**2.—Same—Service—Death of Partner.**

In a collateral attack upon a judgment rendered against the person attacking it, and also against two others sued as partners, the fact that one of such partners was not served with citation because he was dead, would not affect the validity of the judgment.

**3.—Same—Date of Entry—Parol Evidence.**

Nor, in such case, would parol evidence be admissible to contradict the record as to the date of entry of the judgment.

**4.—Same—Nonresident—Seizure of Property—Jurisdiction.**

In an action to foreclose a lien brought against a nonresident by publication, it is not essential to the jurisdiction of the court that there should be, before judgment, a seizure of the property under a writ.

**5.—Same—Jurisdictional Amount—Foreclosure of Lien.**

The amount of the debt sued for in the justice court determines the jurisdiction, and not the value of the property upon which it is also sought to foreclose a lien securing the debt.

Appeal from Bexar. Tried below before Hon. S. J. Brooks.

*B. L. Aycock* and *C. S. Robinson,* for appellant.

FLY, ASSOCIATE JUSTICE.—This suit was instituted by appellant, and in his third amended petition, the original and first and second amended petitions not appearing in the record, the allegations make out a case of conversion by appellee of a certain printing plant, with a prayer for damages, interest, and costs. The county set up a claim to the property under and by virtue of a judgment in the justice court in its favor against Sadovsky & Co. and appellant foreclosing a landlord's lien on the property in controversy, which judgment was alleged to be res adjudicata as against appellant. In reply appellant filed a supplemental petition and a trial amendment setting forth that he had been cited by publication, the first publication of which citation was on September 30, 1899, and that one W. R. Camp colluded with appellee, and secret judgment was, in November, 1899, rendered against him without the knowledge or consent of counsel appellant had employed to represent him in the justice court. In the trial amendment appellant alleged that a preliminary injunction had been granted against the sale of the property, and prayed that it be perpetuated. Exceptions were sustained to the supplemental petition and trial amendment.

The evidence showed that the property in controversy had been sold under execution to Joseph I. Irwin, issued by virtue of a judgment in

favor of Irwin Bank v. Nathan and Moses Sadovsky. The execution sale took place on July 1, 1899. At that time the appellee had possession of the property, and on August 8, 1899, instituted suit against Nathan and Moses Sadovsky, doing business under the firm name of Sadovsky & Co., residents of Bexar County, and Joseph I. Irwin, a resident of Bartholomew County, State of Indiana, to foreclose a lien for rent on the property in controversy. After alleging the indebtedness of Sadovsky for rent, it was alleged "that defendant Joseph I. Irwin is asserting some character of claim to the property situated in said building, and is a necessary and proper party herein." On December 14, 1899, over four months after the suit was instituted, judgment was taken against Sadovsky & Co. and appellant. In that judgment it was recited that "Joseph I. Irwin, although duly cited, came not, but wholly made default, and the court having appointed W. R. Camp, Esq., an attorney of the bar, to represent the absent defendant Joseph I. Irwin, and after full proof, being satisfied that it has jurisdiction over the persons and subject matter, and that under the evidence, the law and the facts are with the plaintiff, Bexar County, doth order, adjudge and decree that plaintiff, Bexar County, do have and recover of and from the defendant Sadovsky & Co., a firm composed of Nathan Sadovsky and Moses Sadovsky, the sum of $125 as rents due plaintiff by said Sadovsky & Co. for the rent of No. 112 Soledad street, in the city of San Antonio, Texas, together with interest on the said sum of $125 at the rate of 6 per cent per annum from the date of this judgment till paid, and all costs of suit."

It was further adjudged that the county had a lien on certain property therein described for the rents, and that such lien was superior to any claim on the part of Joseph I. Irwin, and the lien was foreclosed as against him as well as the other defendants, and it was ordered that the property be sold to satisfy the claim for rent and all costs. There was no attempt to take a personal judgment against appellant.

Appellant admitted service by publication, in the supplemental petition, and also that he had an attorney to represent him in the justice court, but that in some way that is not made clear from the pleadings a secret agreement was made between the representative of the county and the attorney appointed by the court to represent the appellant, whereby judgment was rendered against appellant in November, and he was prevented from presenting his defense. The allegations did not present any grounds upon which the judgment could be attacked. The uncontradicted proof established that the judgment was rendered in December, and not in November. There was no reason given why appellant did not move for a new trial in the justice court. In the trial amendment filed by appellant it is alleged that the time had not elapsed for perfecting the citation by publication, and to sustain this allegation appellant sought to introduce the return of the sheriff on the citation and other evidence to show that the times of publication were on September 30th, and October 7th, 14th, and 21st, and that appellant was cited to

appear on October 23, 1899. We will consider the testimony as though
it had been admitted, instead of having been excluded.

The statute requires that a citation by publication shall be published
once in each week for four consecutive weeks previous to the return day
thereof, that is, the first publication must be twenty-eight days before
the first day of the court to which the writ is returnable. Rev. Stats.,
art. 1265. The service was not, therefore, completed at the October
term of the justice court to which the citation was returnable, and
neither was judgment taken at that term. The service was, however,
good for the next term of the court, one month thereafter, and judgment
was not taken until after that time. Hill v. Baylor, 23 Texas, 261;
O'Leary v. Durant, 70 Texas, 408.

The statement of facts filed in the justice court, as required by law,
was properly rejected as evidence. It was irrelevant, and could have
been of no benefit to appellant.

Appellant also desired to prove that one of the Sadovskys was never
served with process, because he was dead. Proof of that fact would not
have affected the validity of the judgment, and could not have had any
materiality.

The parol evidence offered to attack the record as to the time of entry
of the judgment as shown by the record of the justice court, was properly
rejected. The record could not be contradicted by parol testimony.
Chapman v. Smith, 57 U. S., 114; Lyon v. Perin, 125 U. S., 698. The tes-
timony offered, had it been admitted, would not show that the judgment
was not entered during the term at which it was rendered. If it had
been proved that the judgment had not been entered on December 28th,
it would not have impaired its vitality. Young v. Pfeiffer (Texas Civ.
App.), 30 S. W. Rep., 94.

It is insisted by appellant that the judgment was void, because the
property was not seized under a writ directed against it as the property
of appellant. The seizure of the property was not essential to jurisdic-
tion over the property through citation by publication. In the case of
Rice v. Peteet, 66 Texas, 568, it was contended that a nonresident can
not be sued in our courts, when he has effects in the State, unless the
effects are brought before the court to await the final judgment, and that
this must be done by attachment, garnishment, or similar process, and
it was held by the court: "There is no special requirement in our stat-
utes that such suits shall be accompanied by a seizure of the defendant's
property or garnishment of his effects. Nor can any such principle be
derived from our attachment law. It gives the plaintiff the right to
obtain an attachment on the ground that the defendant is a nonresident,
but does not compel him to do so in order to be entitled to bring a suit.
This would be to deny him the right to sue unless he could swear to
everything necessary to procure an attachment, and give the bond re-
quired in such cases. It would impose upon him a burden which would,
in many cases, amount to a denial of justice."

Since the above cited decision was rendered, chapter 22, Sayles' Civil Statutes, has made provision for suits against nonresidents, and provides for such suits in the class of cases to which this belongs. It is provided in article 1504b of that chapter, that such action may be maintained, although the plaintiff is not in actual possession of such property, and service may be made by publication.

We conclude that there is no error in the judgment, and it is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

In article 1607, Sayles' Statutes, it is provided that where service is by publication, the first day of the second term after such publication shall be appearance day. In considering the rejected testimony as to the time the service was perfected, we gained the impression that the cause was continued over until the December term, but it is insisted by appellant that this was not done. If this contention be well founded, it would not invalidate the judgment.

In the case of Williams v. Haynes, 77 Texas, 283, it was said: "Even where a part of the record—the citation and its return—shows that service could not have been had, the judgment of a justice of the peace reciting that the defendant wholly made default, and that he was duly served with process, was held not impeached. The judgment being the final act of the court, its judicial finding imports absolute verity. Evidence of fraud aliunde the record can not be heard to dispute the judgment, even where the fraud is in obtaining jurisdiction." Citing Murchison v. White, 54 Texas, 78; Fleming v. Seeligson, 57 Texas, 524; Odle v. Frost, 59 Texas, 684; Watkins v. Davis, 61 Texas, 414; Mikeska v. Blum, 63 Texas, 44; Treadway v. Eastburn, 57 Texas, 209; Long v. Brenneman, 59 Texas, 210; Davis v. Robinson, 70 Texas, 394; Tobar v. Losano, 6 Texas Civ. App., 698.

The evidence offered by appellant was properly rejected, but if it had been admitted and given full weight and consideration, it would not have rendered the judgment invalid.

It is contended that because the property upon which appellee sought in the justice court to foreclose its rent lien was shown on this trial to be over $200 in value, the justice court did not have jurisdiction. If the judgment could be attacked by showing such a fact, it would not affect its validity. The amount claimed determined the jurisdiction of the justice court, and not the value of the property on which it was sought to foreclose the lien. Lawson v. Lynch, 9 Texas Civ. App., 582; Dazey v. Pennington, 10 Texas Civ. App., 326. The property had not been removed from the premises owned by appellee when the suit in the justice court was instituted, and was subject to the lien of appellee for rent of the premises.

The motion is overruled.

*Overruled.*

Writ of error refused.