## MOSAIC TEMPLARS OF AMERICA v. SMITH. (No. 2462.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 24, 1921.)

I. Insurance ⊕814 — Service of process on Commissioner of Insurance within 30 days of return term of writ effectual as to benefit society for succeeding term.

Under Rev. St. art. 4844, providing for service upon fraternal beneficiary society by service of duplicate copies of the process on the Commissioner of Insurance and Banking, and requiring the commissioner to forward one of the duplicate copies to the society, "provided, however, that no such service shall be valid or binding against any such society when it is required thereunder to file its answer, 'pleading, or defense in less than 30 days from the date of mailing the copy of such service to such society," the service of citation within 30 days before the return term of the writ was not void, but was effectual for the succeeding term, in view of articles 1850, 1852–1857.

**2. Statutes ⚫228—Negative proviso qualifies sense of previous words or phrases.**

A negative proviso qualifies the sense of previous words or phrases.

**3. Appeal and error ⚫914(1)—Commissioner of insurance and banking presumed to have forwarded duplicate copy of process to society.**

In action against fraternal beneficiary society, in which default judgment was entered for plaintiff after service of process on the Commissioner of Insurance and Banking, under Rev. St. art. 4844, requiring society as a condition to doing business in the state to give the commissioner a power of attorney to receive service of process, it will be presumed on appeal, in the absence of a showing to the contrary, that the commissioner discharged his duty, under the statutes and the power of attorney, of forwarding a copy of the process to the society.

Error from Harrison County Court; W. H. Strength, Judge.

Suit by Alice Smith against the Mosaic Templars of America. Judgment for plaintiff, and defendant brings error. Affirmed.

The cause is brought to this court on writ of error for review upon the ground that the judgment is void becase no valid and legal summons or citation was issued and served upon the defendant before its rendition in the trial court. Alice Smith, defendant in error, filed a suit in the county court of Harrison county, the petition alleging that she was the wife of King Smith, deceased, and that King Smith at the time of his death on February 16, 1919, was a member of the defendant society, holding a policy of insurance with the plaintiff as the beneficiary. The proofs of death of the insured had been furnished and delivered to the society, and demand made upon it for payment, which the society had failed and refused to make. The petition further alleged that—

The defendant "was an incorporated fraternal benefit society duly incorporated under the laws of the state of Arkansas, and was doing business in the state of Texas. Said Mosaic Templars of America can be served with citation or other process as by law provided by serving same upon the Commissioner of Insurance and Banking of the state of Texas at Austin in Travis county, Texas."

The suit was filed on December 6, 1920, and upon the filing of the petition the clerk of the county court of Harrison county, Tex., issued a citation, addressed to the sheriff, reciting, as material to state:

"You are hereby commanded to summon Mosaic Templars of America, a fraternal benefit society, by delivering two copies of this writ and accompanying certified copies of plaintiff's petition to the Commissioner of Insurance and Banking of the state of Texas, or, in his absence, by delivering same to the person in charge of his office, to be and appear before the honorable county court of Harrison county, Texas, at the next regular term thereof, to be held at the courthouse in Marshall, Tex., on the first Monday in January, A. D. 1921, the same being the 3d day of January, A. D. 1921, then and there to answer a petition filed in said court on the 6th day of December, 1920, wherein Alice Smith is plaintiff, and the Mosaic Templars of America, a fraternal benefit society incorporated under the laws of the state of Arkansas and doing business in the state of Texas, is defendant. * * * Herein fail not, and have you before said court this writ on the said first day of the next term thereof, with your return thereon showing how you have executed the same."

The return made by the sheriff of Travis county and duly filed in court reads:

"Came to hand the 6th day of December, 1920, at 6 o'clock p. m., and executed the 8th day of December, A. D. 1920, by delivering to the Commissioner of Insurance and Banking, to Mr. Johnson, in person, two true copies of this citation together with two accompanying certified copies of plaintiff's original petition."

Harrison county has six terms of the county court in each year, one of which commences on the first Monday in January, and another commences on the first Monday in March. At the January term, 1921, of the court, the case was passed for trial, and no further action was taken, or attempted to be taken, on it. On March 8, 1921, being the appearance day of that term of the court, there having been no answer filed by the society and no appearance made by it in the suit, upon the regular call of the appearance docket and upon the call of this case the plaintiff proved up her case, and on the showing made and upon the service above set out the trial court rendered judgment in her favor as prayed for. The judgment reads:

"On this the 8th day of March, A. D. 1921, came on to be heard the above-entitled and numbered clause, and the plaintiff appeared in person and by attorneys, and the defendant appeared not, but wholly made default. And it appearing to the court that the defendant has been duly cited in the manner and for the length of time required by law, and the plaintiff announced ready for trial, a jury having been waived, the court proceeded to hear and determine said cause both as to matters of law as well as to matters of fact; and after hearing the pleadings, evidence and argument of counsel, it is ordered, adjudged, and decreed that the plaintiff, Alice Smith, do have and recover of and from the defendant, the Mosaic Templars of America, the sum of three hundred and fifty dollars, with interest from June 1, 1919, at the rate of 6 per cent. per annum, together with all costs in this behalf expended; for all of which let execution issue."

---

⚫For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Scott & Casey, of Marshall, for plaintiff in error.

Abney & Young, of Marshall, for defendant in error.

LEVY, J. (after stating the facts as above). Article 4844, R. S., in question here, prescribes the method and manner of service of process upon fraternal beneficiary societies, as a condition precedent to the right of that particular class of life insurance associations to transact business in the state of Texas. The first paragraph provides that every fraternal beneficiary society, "whether domestic or foreign," "before being licensed" to do business in this state, shall execute a written power of attorney to the state Commissioner of Insurance and Banking at Austin, Tex., specially authorizing such officer to be served with all legal process directed against such society, and agreeing that service upon such attorney in fact "shall be of the same legal force and validity as if served upon the society." The next, by the terms of the article, duplicate copies of the process issued in all suits are required to be served upon the state commissioner, and he in turn, after such service is made is required to "forthwith forward by registered mail, prepaid, one of the duplicate copies directed to its secretary or officer corresponding to a secretary." The provision following is in these words:

"Service shall only be made upon such attorney, must be made in duplicate upon the Commissioner of Insurance and Banking, or, in his absence, upon the person in charge of his office, and shall be deemed sufficient service upon such society: Provided, however, that no such service shall be valid or binding against any such society when it is required thereunder to file its answer, pleading or defense in less than thirty days from the date of mailing the copy of such service to such society. Legal process shall not be served upon any such society except in the manner herein provided."

[1, 2] And the points made by the plaintiff in error are: (1) That the process or citation was not "valid or binding" upon the society, because it was "required thereunder," as shown on its face, "to file its answer, pleading, or defense in less than 30 days" before the return day of that term of court; and (2) that the record fails to show that the state Commissioner of Insurance and Banking mailed the copy of the process served upon him, or gave any notice of it to the society. The terms of the statute by which the process is authorized and prescribed are, of course, to be followed in the methods and way provided for the issuance and service of such process. And it affirmatively appears that the defendant society in this case was not served with citation within the time required by the statute for such service to be made so as to compel the defendant to answer and to entitle the plaintiff to a judgment at the return term of the court in January. But no action was taken until the next succeeding term in March, and the plaintiff did not proceed to judgment until the second term after the service of the citation. Would the fact that the service of the citation was not made within sufficient time before the return term of the writ make it void and ineffectual, as claimed by plaintiff in error, for the March term of the court? This depends upon the construction that should properly be given to the article of the statute. The preceding section of the article, of which the proviso here in question is a part, provides only that service of process "shall be deemed sufficient service upon such society" when "service" of the process is made by delivering duplicate copies (1) either to the Commissioner of Insurance and Banking, "or" (2) "in his absence, upon the person in charge of his office." And the proviso following prescribed only that—

"No such service [meaning as made upon the commissioner or his deputy] shall be valid and binding against any such society when it is required thereunder to file its answer, pleading or defense in less than thirty days from the date of mailing the copy of such service to such society."

The proviso, as must be noted, is expressed not in affirmative, but in negative terms. And a negative proviso is intended and has the object, as is well recognized, to qualify the sense of the previous words or phrases. And in this view—which must be taken—the proviso must be considered and construed as making the qualification before the previous wording of "service of the process in duplicate copies upon the commissioner, or, in his absence, upon the person in charge of his office," to the extent that it shall not "be deemed sufficient service upon such society," and "be valid and binding against any such society, such service be made upon the commissioner or upon the person in charge of his office within a period of not less than 30 days between the date" of mailing by the commissioner the copy of such service to such society and the first day of the return term of the court. The citation is not made by the terms of the act ineffectual for a succeeding term of the court, if made too late for the return term designated in the writ. The qualifying proviso is clearly for the benefit of the defendant society in order to afford a reasonable opportunity for it to appear and assert its right before the court and to enforce such right in the way of not compelling the defendant to appear and plead at the return term of the court designated in the writ, unless service of the writ of citation be made according to the time specified by the article for it to be made before the first day of the return term of court. It is simply intended as a special statutory provi-

236 S.W.—12

sion, requiring process to be served on the particular class of defendants in a different time then prescribed by the 10-day statute for service generally upon other defendants in different causes of action. It is true that the article specially provides that "legal process shall not be served upon any such society except in the manner provided herein," and that it has been decided that it was, in such wording, intended by the Legislature to provide an exclusive mode of service of citation, which was to be upon the Commissioner of Insurance and Banking, and no other agent. Knights and Daughters of Tabor v. Brown et al., 190 S. W. 251; Knights and Daughters of Tabor v. McKinney, 224 S. W. 202. These cases correctly, we think, decided the point therein determined. But it is thought that the wording and purpose of the article, and applicable to the point in this case, would not also require and warrant only the holding that a citation issued and served, as here, too late for the return term of the court, is ineffectual and not good for the succeeding term. To hold otherwise would be an unnecessary strict construction of the act. It has been held that if service be by publication and the required number of insertions in the paper cannot be had before return day of the court, it is sufficient service for the succeeding term. Hill v. Baylor, 23 Tex. 261; O'Leary v. Durant, 70 Tex. 410, 11 S. W. 116; Iron v. Bexar Co., 26 Tex. Civ. App. 527, 63 S. W. 550. The article in question does not prescribe nor in any way undertake to prescribe when the petition in this character of cases shall be filed, nor when the clerk shall issue the citation, nor what the citation shall contain, and, further, any of the general statutes pertaining to and governing the issuance and service of citations are not made inapplicable to the instant article by any of its terms, except, as by implication, as to the person or agent upon whom the citation shall be served and as to the time within which the defendant shall be served before the return day of the court in order to compel him to plead at that term of the court. This is significant, it is thought, if the purpose of the Legislature to leave the general statutes to control and to be applicable, except so far as pertains to the agent to receive service and the time of service before return day in order to compel appearance of the defendant society at that return term. And in this view there is no conflicting and confusing situation resulting, and this special statute and the general laws both stand in harmony except as to the two modifications as to time of service and the agent to be served. Article 1850 prescribes when the clerk shall issue the citation; article 1852 states what the citation shall contain; articles 1853 and 1856 prescribe a manner of

service; and articles 1854, 1855, and 1857 prescribe the duties of the sheriff.

[3] The next point made by the plaintiff in error is that there is a failure of the record to show that the Commissioner of Insurance and Banking mailed the copy of process to the defendant society. The petition alleged that the society was doing business in Texas, and there would be a presumption of assent on the part of the society to the conditions of the law and to be bound by the service of process in the manner prescribed by the article. The article requires the society "before being licensed" to transact business in this state, to execute the written power of attorney to the Commissioner of Insurance and Banking to receive service of process. The commissioner's authority comes from the society in virtue of the power of attorney. And in the absence of some showing to the contrary it will be presumed that the commissioner discharged his duty under the statutes as well as under the power of attorney as agent.

The judgment is affirmed.