**MUTUAL HOME ASS'N et al. v. ZWATCHKA.**
(No. 11753.)

Court of Civil Appeals of Texas. Fort Worth.
April 2, 1927.

Rehearing Denied May 21, 1927.

1. Judgment ⬡➛807—In action against nonresident defendant, residence unknown, and resident depositary, for money held by latter, deposit of money in court gave it jurisdiction to render judgment in rem (Rev. St. 1925, arts. 1975, 1976, 2390, subds. 8, 9).

Where nonresident defendant, whose residence was unknown, had deposited money with another defendant, which was claimed by plaintiff, deposit of money in justice court by depositary, with plea that it did not own or claim any part of it, gave such court jurisdiction to render judgment in rem, and subject money to payment of such judgment, notwithstanding subsequent withdrawal of money by depositary, in view of Rev. St. 1925, arts. 1975, 1976, 2390, subds. 8 and 9.

2. Judgment ⬡➛808—Judgment in rem may be entered without rendering judgment in personam.

Judgment in rem may be entered in suit without also rendering judgment in personam, and judgment is nevertheless conclusive as to parties.

Appeal from Tarrant County Court; H. O. Gossett, Judge.

Suit by John Zwatchka against the Mutual Home Association and another. Judgment for plaintiff, and defendants appeal. Affirmed.

M. L. Swartzberg and C. C. House, both of Fort Worth, for appellants.
Alexander & Baldwin, of Fort Worth, for appellee.

BUCK, J. John Zwatchka filed suit in the justice court against I. B. Finley, whose residence was alleged to be unknown, and the Mutual Home Association, a corporation whose principal office and place of business was alleged to be in the city of Fort Worth. Plaintiff alleged that there was on deposit with the Mutual Home Association the sum of $114.84, which sum had been deposited under the name of I. B. Finley as a sinking fund on the Lucy Runnells note, which note was held by Lucy Runnells, and that said sum was the property of, and belongs to, said plaintiff, and that some claim was being made by the said Finley; at least the said Mutual Home Association had refused to turn over and deliver to plaintiff said sum of money. Plaintiff asked that citation issue to said I. B. Finley by publication, and that citation issue to the Mutual Home Association, hereinafter called association, and that upon final hearing plaintiff have judgment for the said sum of $114.84. In his affidavit for citation by publication, plaintiff alleged that the residence of I. B. Finley was unknown to him. The justice court found that Finley's residence was unknown to the court and to plaintiff, and that he had been duly cited by publication for the time and under the law required to appear and answer said cause, and that David W. Stephens, an attorney, had been appointed to represent the defendant Finley, and further found that plaintiff was entitled to judgment against the association for the sum of money alleged to have been deposited with the association, and gave judgment for plaintiff for said sum of money, and further provided that plaintiff have judgment against I. B. Finley. The court further found that the sum of money sued for had been deposited in the form of a good and valid check and in the sum of $120.25, but the defendant had asked that it

⬡➛For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

might withdraw said deposit, and said request had been granted.

Upon appeal to the county court, that court rendered judgment for plaintiff for the $120.25, together with interest from date of judgment and the costs of suit, including 10 per cent. attorney's fees allowed the attorney for representing Finley against the association, and further provided that the payment of the above amount to plaintiff by defendant association should forever bar any right or claim of defendant Finley as against said association for or to said amount so paid to plaintiff.

In the statement of facts appears what purports to be the pleadings of the plaintiff, in which plea it is alleged that the plaintiff and defendant Finley made an oral agreement, by the terms of which a certain sum of money was to be deposited and held by A. Arneson, manager of the defendant association, which sum of money so deposited was to secure the payment of the note known as the Lucy Runnells note; that the money held by A. Arneson, manager of the association, and the association itself, acting through its manager, is the property of plaintiff, and that he is entitled to the possession of the same, and has on divers occasions demanded the same, but the said defendant association has refused and now refuses to turn over and deliver to plaintiff said money or any part thereof; that the defendant association had tendered into the justice court, precinct No. 1, Tarrant county, Tex., the sum of money so deposited with the association, and afterwards withdrew said sum from said court, but does not now and never has made or laid any claim to said sum of money or any part thereof; that the plaintiff, under the agreement made by and between him and the said defendant Finley, is entitled to the possession of said money; and that said association is contesting the payment of said money or the delivery of the same to the plaintiff. In this pleading the plaintiff alleges that defendant I. B. Finley is a "nonresident of the state of Texas," and no personal judgment could be taken, but plaintiff seeks judgment for the possession of the money.

## Opinion.

Counsel for appellant, joined by counsel for defendant Finley, who is not a party to the supersedeas bond, presents a brief showing studious examinations of authorities, in which they contend that, since the residence of defendant Finley was alleged in the original oral pleading of plaintiff in the justice court to be unknown to plaintiff, and in the pleading in the county court said defendant. Finley was alleged to be a nonresident, and since the facts show that, if any sum of money had been deposited by Finley with the defendant association, the relation of debtor and creditor was thereby created between the association and Finley, no specific sum of money was involved, that therefore plaintiff's only remedy, if he had any, was to plead the right of subrogation to any right held by Finley against the association, and that he was not entitled to recover on the pleadings made in either the justice court or in the county court. A number of authorities are cited bearing upon this question, including the well-known case of Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565, in which the Supreme Court of the United States, in construing a statute in this state, held that no personal judgment could be had against a nonresident, cited by publication or personally, while out of the state; the case of McDonald v. Mabee, 243 U. S. 90, 37 S. Ct. 343, 61 L. Ed. 608, L. R. A. 1917F, 458, in which was reversed the Supreme Court of Texas, in an opinion published in the 107 Tex. 139, 175 S. W. 676; Banco Minero v. Ross & Masterson (Tex. Civ. App.) 138 S. W. 224, by the Court of Civil Appeals, same case 106 Tex. 522, 172 S. W. 711, by the Supreme Court; Stewart v. Anderson, 70 Tex. 588, 8 S. W. 295.

But we think that, by the deposit in the justice court of the sum of money claimed by plaintiff as against the defendant association, said justice court acquired jurisdiction of a cause of action in rem against the money itself, and, having acquired jurisdiction, it did not lose it by the subsequent withdrawal of the money by the defendant association. The court, having acquired jurisdiction to try and decide a cause of action pleaded, retains said jurisdiction to try and determine the cause, even though the defendant, who has filed his answer and made his appearance, may withdraw his answer. Loeb v. Crow, 15 Tex. Civ. App. 537, 40 S. W. 506, writ of error denied; 93 Tex. 645; Wilson v. Zeigler, 44 Tex. 657; Field v. Fowler, 62 Tex. 65; 7 R. C. L. § 79, p. 1045; and numerous other authorities.

Jurisdiction of a suit against a nonresident of a state may be acquired by garnishment, attachment, or sequestration of property owned by the nonresident defendant. Where the property involved is tendered in court and submitted to the court's control and jurisdiction, such action has the same effect as the court's possession by garnishment or attachment, etc. Therefore the justice court and the county court had jurisdiction to render a judgment in rem against the property involved in this suit, and to further protect the defendant association against any claim which the nonresident might afterwards make against it for said property.

Therefore we conclude that all assignments should be overruled, and the judgment affirmed.

## On Appellants' Motion for Rehearing.

Appellants argue with a good deal of zeal and citation of many authorities that we

were wrong in our original opinion in deciding that the trial court had jurisdiction to render judgment in rem, by reason of the fact that the money deposited with the appellant Mutual Home Association by appellant I. B. Finley, and for his benefit, was tendered in to the justice court by the Mutual Home Association, although subsequently withdrawn. They urge that, even though it be admitted that this is an action in rem, yet the property, to be within the control of the court in such manner as will entitle it to make an order disposing of and effecting the same as against a nonresident, not personally served, must have been attached, garnished, or sequestered. They cite, under the topic of "Jurisdiction of the Res," 15 C. J. p. 802, which reads as follows:

"The mere fact that property is within the jurisdiction of the court is not sufficient to justify an action in personam against defendant where he cannot be served with process; the property itself must be brought before the court. With respect to proceedings in rem and quasi in rem, the basis of the jurisdiction is the seizure of the property on which the judgment is to operate, and such jurisdiction cannot be acquired except by a lawful seizure, unless the action or proceedings are of such character that the mere situs of the property to be affected with the territorial jurisdiction of the court is sufficient to confer jurisdiction; as for instance in administration proceedings, condemnation proceedings, and mortgage foreclosures."

In 34 Corpus Juris, p. 1174, under the head of "Jurisdiction," it is said:

"Jurisdiction to render a judgment in rem rests upon the seizure or attachment of the property affected or the court's dominion or authority over the status in controversy. It is essential that the res be within the jurisdiction of the court at the time of the commencement of the action, that some process of the court shall have been served upon it, and that it shall have been brought within the direct control of the court."

In the case of Stewart v. Anderson, 70 Tex. 588, 600, 8 S. W. 295, 301, the Supreme Court, in an opinion by Chief Justice Stayton, said:

"If a defendant be not brought before the court by process which gives jurisdiction over his person, and do not voluntarily appear, no judgment can be rendered that will bind him personally in an ordinary action for debt on the mere fact that he has property within the reach of the process of the court. While seizure may lead to notice that a demand is made, this is not the essential purpose that makes it necessary in attachment and like cases. That purpose is to confer upon the court the power to render a judgment whereby the thing seized may be subjected to the payment of the demand asserted; which cannot be done in an action not personal, unless the person asserting a demand for money has in some way obtained the right to have the thing seized, subjected to the payment of the sum due him."

See Black on Judgments, vol. 1, pp. 231, 232.

[1] But we still are of the opinion that, by the deposit in the justice court of the money involved, and the plea by the Mutual Home Association in the form of admission, it did not own or claim any part of the money, but merely desired the court to determine who was entitled thereto, that the justice court acquired jurisdiction to render judgment in rem, and to subject the money so deposited to the payment of said judgment. Justice Stayton, of the Commission of Appeals, in Isbell v. Kenyon-Warner Dredging Co., 113 Tex. 528, 532, 261 S. W. 762, 763, said:

"The general rule, to which this case appears to be no exception, is that, where jurisdiction is once lawfully and properly acquired, no subsequent fact or event in the particular case serves to defeat the jurisdiction"—citing cases.

See 7 R. C. L. p. 1043, § 76, where it is said:

"Where a party to a judicial proceeding admits, by some act or conduct, the jurisdiction of the court, he may not thereafter, simply because his interests have changed, deny the jurisdiction, especially where the assumption of a contrary position would be to the prejudice of another party who has acquiesced in the position formerly taken."

See Gulf, T. & W. Ry. Co. v. Lunn (Tex. Civ. App.) 141 S. W. 538, affirmed by the Supreme Court in 106 Tex. 511, 171 S. W. 1121. In the Court of Civil Appeals decision, by the Texarkana court, Justice Hodges says:

"The jurisdiction of the court over the subject-matter must be determined from the nature of the cause of action asserted at the time the suit was instituted, a time when the court was called upon to take judicial cognizance of the controversy. 1 Black on Judgments, §§ 243, 244. If at the incipiency of the litigation the justice court had jurisdiction over the subject-matter, the authority to determine the issues involved was not lost by the subsequent extinguishment of the debt in part, or in its entirety. The court would still have the judicial power to pass upon the issues involved, and to render a judgment for or against either party. It might render one wholly unsupported by the evidence. In such an event the adjudication would be merely erroneous, and not void. Rotzein v. Cox, 22 Tex. 63. The test of jurisdiction is whether the court had the power to enter upon the inquiry, not whether its conclusion was right or wrong. Board of Commissioners v. Platt, 79 F. 567, 25 C. C. A. 87; New Dunderberg Mining Co. v. Old, 79 F. 598, 25 C. C. A. 116."

Articles 1975 and 1976 of the 1925 Civil Stat. say:

"Art. 1975. Persons claiming a right to or interest in property in this state may bring and prosecute to final decree, judgment or order, actions against non-residents of this state, or persons whose place of residence is unknown, or who are transient persons, who claim an adverse estate, or interest in, or who claim any

lien or incumbrance on said property, for the purpose of determining such estate, interest, lien, or incumbrance, and granting the title to said property, or settling the lien or incumbrance thereon."

"Art. 1976. Such action may be maintained by any such person whether or not he is in actual possession of such property. Service on the defendant or defendants may be made by publication as is or may be provided by law for publication of citation against such defendants."

Article 2390, subd. 8, provides:

"Suits against nonresidents of the state or persons whose residence is unknown, may be brought in the county and precinct where the plaintiff resides."

And subdivision 9 of the same article provides:

"Suits for the recovery of personal property may be brought in any county and precinct in which the property may be."

In the case of Irion v. Bexar County, 26 Tex. Civ. App. 527, 63 S. W. 550, writ of error refused, the San Antonio Court of Civil Appeals, in an opinion by Chief Justice Fly, said:

"It is insisted by appellant that the judgment is void, because the property was not seized under a writ directed against it as the property of appellant. The seizure of the property was not essential to jurisdiction over the property, though citation by publication. In the case of Rice v. Peteet, 66 Tex. 568, 1 S. W. 657, it was contended that a nonresident cannot be sued in our courts, when he has effects in the state, unless the effects are brought before the court to await the final judgment, and that this must be done by attachment, garnishment, or similar process; and it was held by the court: 'There is no special requirement in our statutes that such suits shall be accompanied by a seizure of the defendant's property or garnishment of his effects. Nor can any such principle be derived from our attachment law. It gives the plaintiff the right to obtain an attachment on the ground that the defendant is a nonresident, but does not compel him to do so in order to be entitled to bring a suit. This would be to deny him the right to sue unless he could swear to everything necessary to procure an attachment, and give the bond required in such cases. It would impose upon him a burden which would, in many cases, amount to a denial of justice.' Since the above-cited decision was rendered, chapter 22, Sayles' Civ. St., has made provision for suits against nonresidents * * * in the class of cases to which this belongs. It is provided in article 1504b of that chapter that such action may be maintained although the plaintiff is not in actual possession of such property, and service may be made by publication."

In Lewis v. Pitts, 275 S. W. 473, the Waco Court of Civil Appeals, in an opinion by Chief Justice Gallagher, said:

"A suit to determine title to real estate and to establish such title by judgment has been held by our Supreme Court to be a proceeding in rem. Hardy v. Beaty, 84 Tex. 562, 568, 569,

19 S. W. 778, 31 Am. St. Rep. 80. Subsequent to such holding of the Supreme Court, the Legislature of this state enacted a law providing that an action may be brought and prosecuted to final judgment by any person claiming a right to or interest in any property situated in this state, against any person or persons who are nonresidents of this state, and who claim an adverse interest therein; that citation may be made by publication; and that the judgment rendered in such action shall be binding on the parties thereto. R. S. arts. 2172 to 2177, inclusive. No form of seizure of such property by any process of court is required by the terms of said law, and the same is therefore in effect a legislative declaration that litigation over the title to property situated in this state is a proceeding in rem without actual seizure thereof, and that the jurisdiction of the court over such property attaches when suit is filed and an issue of title raised by the pleadings therein."

In the well-known case of Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565, 569, it is said by the United States Supreme Court:

"So the state, through its tribunals, may subject property situated within its limits owned by nonresidents to the payment of the demand of its own citizens against them; and the exercise of this jurisdiction in no respect infringes upon the sovereignty of the state where the owners are domiciled. Every state owes protection to its own citizens; and, when nonresidents deal with them, it is a legitimate and just exercise of authority to hold and appropriate any property owned by such nonresidents to satisfy the claims of its citizens."

[2] Testing the character of the suit filed in the justice court, the action was primarily against defendant Mutual Home Association for possession of a fund which it was alleged the association had in its possession in the justice precinct where the suit was filed, and which belonged to, and was the property of, plaintiff, and to which fund it was alleged Finley made some claim. The association admitted in both the justice and the county court that it had the fund, amounting to $120.25, in its possession, and made no claim thereto, and deposited the fund into the justice court, and prayed that the court adjudge the title thereto as between the plaintiff below and Finley. As said in 34 Corpus Juris, p. 1172, § 1662:

"A judgment in rem may be entered in a suit without also rendering a judgment in personam; conversely, a judgment may be rendered in personam without rendering a judgment in rem, although the proceeding is one in which a judgment in rem might also be rendered."

The trial court gave no personal judgment against Finley, but did determine who was entitled to the personal property within its jurisdiction. The adjudication is conclusive as to Finley and is a complete protection to the association. See 34 Corpus Juris, 1172, § 1663.

Nor do we think the authorities cited by appellants in their motion, such as Gilbert

Book Co. v. Pye, 43 Tex. Civ. App. 183, 95 S. W. 8, that a garnishee cannot accept service or by voluntary answer so as to affect the right of the defendant in the original suit or judgment or that of his creditors, and cannot as against a defendant in the original suit either accept or waive service of the writ, or by answering waive any defect or irregularity in the writ of garnishment, are in point; garnishment being a statutory remedy. The requirements of the statutes must be strictly complied with. And, moreover, in some, if not all, of the cases cited by appellants upon this point, a personal judgment was sought and obtained against the defendant.

For the reasons stated, the motion for rehearing is overruled.