Jack HENRY, Appellant,

v.

Clyde RENO et al., Appellees.

No. 4032.

Court of Civil Appeals of Texas.

Eastland.

March 18, 1966.

Rehearing Denied April 8, 1966.

Mike R. Mason, Odessa, for appellant.

G. Bert Smith, Jr., Andrews, for appellees.

GRISSOM, Chief Justice.

Jack Henry sued Clyde Reno and Max E. Ramsey in Mitchell County. Reno is a nonresident of Texas. He was served with citation in Arkansas in accord with the provisions of Texas R.C.P. 108. Henry sought to recover $11,500.00 by virtue of his contract to sell Reno a one-half interest in a fishing camp in Mitchell County for $11,500.00 in cash. Henry alleged that said contract provided that Reno should pay him $11,500.00 in cash within ten days after termination of his suit against Union Oil Company and that Reno had executed a written assignment to him of $11,500.00 out of his said cause of action. Henry alleged that Reno had settled with Union and that

$11,500.00 had been placed in escrow with Reno's lawyer, Ramsey, who was holding it pending consummation of the contract sued on. Henry alleged that when he learned of Reno's settlement and of the placing of $11,500.00 in escrow with Ramsey he executed a bill of sale and an assignment of a one-half interest in said fishing camp and tendered them to Reno in accord with said contract, but Reno had refused to pay him said sum. Henry alleged that $11,500.00 was being held by Ramsey in Andrews County and that Ramsey should be ordered to pay it to him upon delivery of said bill of sale and assignment, which he tendered into court. He also sought interest and attorneys' fees.

Reno filed a plea to the jurisdiction. The court sustained it and dismissed Henry's cause of action against Reno. Ramsey filed a plea of privilege to be sued in Andrews County, where he resides. Upon a hearing, Ramsey's plea was sustained and the case against him was transferred to Andrews County. Henry has appealed.

Appellant contends, first, that the court erred in sustaining Reno's plea to the jurisdiction and in dismissing the case against Reno because Henry's cause of action was in rem and that a citation in accord with Texas R.C.P. 108 was served on Reno and brought him within the court's jurisdiction so that judgment could be rendered against him to the extent of the $11,500.00 held by Ramsey. Appellant also says the court erred in sustaining Ramsey's plea of privilege because his cause of action was maintainable in Mitchell County against Reno under exception 5, Article 1995, Vernon's Ann.Civ.St., because said written contract provided that it should be performed in Mitchell County and the case against Ramsey was maintainable there under exception 29, because Ramsey was a necessary party to his suit against Reno. Appellant says that Article 1975 provides that a person claiming a right to or interest in property in Texas may maintain such an action as this against a nonresident who claims an adverse interest therein for the purpose of determining such interest and adjudicating the title thereto, and that Texas R.C.P. 810 provides that such a proceeding shall be had as may be necessary to fully settle and determine the right to or title in such property and to decree same to the party entitled thereto and, therefore, the court should have rendered such a judgment; that Article 1976 provides that a suit authorized by Article 1975 may be maintained by any person, regardless of whether he is in actual possession of such property, and that service on such a defendant may be had under Rule 108. Henry contends that said statutes and rules authorize him to maintain the suit to determine his interest in and title to said fund of $11,500.00. As authority therefor, appellant relies principally upon Mutual Home Ass'n v. Zwatchka, Tex.Civ. App., 297 S.W. 317. He says that under its holding the court acquired jurisdiction to render a judgment in rem subjecting said $11,500.00 to payment of his debt under the contract.

Appellee contends, and we think correctly, that appellant's suit is to enforce a contract expressly performable in Mitchell County; that appellant's asserted cause of action is in personam and that citation under Rule 108 did not bring Reno before the court so that a personal judgment could be rendered against him. Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565. The contract sued upon does specify the amount and when Reno shall pay $11,500.00 to Henry but it does not provide from what fund or source it shall be paid, merely that ten days after termination of the case Reno shall pay Henry $11,500.00 in cash. The contract sued on does not require payment of the proceeds of the lawsuit to Henry. It provides that Reno shall pay $11,500.00 within ten days after settlement of the lawsuit but it did not specify that it shall be paid out of the money he obtains therefrom. We conclude that Reno's obligation under the contract sued upon was personal and that no specific res was brought within the jurisdiction of the court. Ramsey does not hold the $11,500.00 in escrow pursuant to

the contract to sell realty in Mitchell County. He holds said $11,500.00 by virtue of an assignment of that amount from Reno's prospective recovery in a damage suit then pending in Gaines County. The funds were held in Andrews county. There was no specific fund or res before the court in Mitchell County because the funds held by Ramsey were held by virtue of such assignment of an interest in said lawsuit and there was no certain fund or res required to be delivered to Henry under the contract. It provided merely for payment of $11,500.00 in cash, not for payment from any particular fund, source or thing. Judgment against Reno enforcing said contract would have been personal in nature. No specific property of Reno was brought under the jurisdiction of the court to satisfy his obligations under this contract. The contract sued upon does not provide for payment of this $11,500.00 from the fund held by Ramsey or even from the proceeds of the lawsuit. The applicable general rule is stated in 50 C.J.S. Judgments § 908, at page 548, as follows:

> "In general, jurisdiction to render a judgment in rem rests upon the seizure or attachment of the property affected or the court's dominion or authority over the status in controversy. It is essential that the res be within the jurisdiction of the court at the time of the commencement of the action, that some process of the court shall have been served on it; and that it shall have been brought within the direct control of the court by some kind of seizure or similar act under authority of law, actual or constructive, prior to the rendition of the judgment."

We conclude that the court did not err in sustaining the plea to the jurisdiction and in dismissing the case as to Reno. Knox v. Quinn, Tex.Civ.App., 164 S.W.2d 580; Roumel v. Drill Well Oil Company, 5 Cir., 270 F.2d 550; Pulitzer Publishing Company v. Current News Features, 8 Cir., 94 F.2d 682; 49 C.J.S. Judgments § 12, p. 40; United States of America v. First National City Bank, 2 Cir., 321 F.2d 14, 19. In Mu-

tual Home Ass'n v. Zwatchka, 297 S.W. 317, relied upon by appellant, the money in controversy was deposited in court thereby giving it jurisdiction to render a judgment for the money. The court did not have jurisdiction to render a personal judgment against Reno. There was no res before the court which could be subjected to enforcement of the contract sued on. The suit was not maintainable in Mitchell County against Reno under exception 5, Article 1995, and, therefore, it could not be maintained against Ramsey under exception 29a. The judgment is affirmed.